HENRY CLEWS et al., Appellants, *v.* THE BANK OF NEW YORK NATIONAL BANKING ASSOCIATION. Respondent.

Plaintiffs' counsel, in opening the trial of an action to recover the amount of a draft drawn on defendant, stated substantially these facts: The draft in question was indorsed by the payee and mailed to the indorsee, but did not reach its destination. It was presented to and certified by defendant, and the number, amount and name of drawer entered in the certification book. It was thereafter altered by raising the amount changing the date and name of payee and was offered to plaintiff in payment for certain bonds. Plaintiff sent the draft by a messenger to defendant's banking house, who presented it to the paying teller in business hours, asking if the certification was good. The teller, after examining the draft, face and back, answered "yes," and thereupon plaintiff received the draft and delivered the bonds. Before this defendant had been advised that the draft had miscarried, had been requested to stop payment, and had entered it by the number, amount and name in the book of stopped checks. Said counsel also stated that he expected to prove that, according to the usage of banks in the city of New York it was the duty of the teller, under the circumstances, before answering the question, to compare the draft with the entry in the certification book and with the book of stopped checks, and that he was guilty of gross negligence in omitting to do this; also, that according to usage the question to the teller related not merely to the marks of certification but to the draft as certified, and asked to go to the jury upon the question whether the teller's answer referred to the draft as certified or to the marks of certification. The request was denied and plaintiff nonsuited on the opening. *Held,* error; that without regard to the admissibility of evidence of usage, plaintiff had a right, under the circumstances offered to be proved, to go to the jury on the question whether the inquiry made of the teller was understood by the parties as referring to the validity of the certification or simply to the

genuineness of the marks of certification, and also on the question as to whether, under the circumstances, it was culpable negligence to answer the question without referring to the books, which would have disclosed the fraud.

*Clews* v. *Bank of New York Nat. B'k'g Ass'n* (89 N. Y. 418) distinguished.

Where a complaint is dismissed on the opening of counsel all the facts referred to therein and offers of proof should be considered, including those not stated in the complaint, unless objection to proof of such additional facts is made on the specific grounds that it is not admissible under the pleadings.

(Argued March 21, 1887; decided April 19, 1887.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made March 2, 1885, which affirmed a judgment in favor of plaintiffs, entered upon an order dismissing plaintiffs' complaint on the opening of plaintiffs' counsel on trial.

It is reported on a former appeal in 89 New York, 418.

This action was brought to recover the amount of a draft drawn upon defendant. The facts in reference thereto were stated by said counsel substantially as follows:

On the 6th of January, 1879, the Commercial National Bank of Chicago drew its draft upon the defendant, payable to the order of Wirt Dexter, for $254.50, and bearing this number: "No. 73,436." On the 8th day of January, 1879, the defendant was advised by the Commercial National Bank that this draft had been so drawn. On the 15th of January, 1879, it was presented to defendant's paying teller in New York and was certified by him, and the name, number and amount entered in his certification book. On the 10th day of February, 1879, the cashier of the Commercial National Bank wrote to the defendant's cashier, stating that said draft was indorsed over to Augusta H. D. Godman and mailed to her from Chicago, but had not been received; and concluding: "Mr. Dexter now requests a duplicate, and you will please stop payment on the original, which you say you have certified." This letter was received by defendant two or three days after its date, and an entry was made by the defendant's

registrar in a book kept for such purposes, giving the number, date and name of drawer of the draft and also the following: "Stop payment; see letter February 10, 1879." On the 3d day of March, 1879, a person calling himself E. J. Murphy, purchased of the plaintiffs $2,500 in government bonds, and tendered in payment therefor the draft above described, bearing its original number, 73,436, but otherwise altered so that it appeared to be dated February 27, 1879, and to be payable to the order of Henry Clews & Co., and to be drawn for $2,540. Before accepting the draft plaintiffs sent it by their messenger to defendant's bank, who testified that he presented it to the paying teller in business hours with the statement that "Henry Clews & Co., want to know if the certification is good." The teller examined the whole of the draft, both face and back, and everything upon it, and then answered "yes." The messenger returned the draft to plaintiffs, informed them of the answer given to his inquiry and thereupon plaintiffs accepted the draft and delivered the bonds. Upon motion being made to dismiss the complaint on the opening said counsel stated that he expected to prove certain additional facts which are stated in the opinion. The motion to dismiss was thereupon renewed and was granted.

*Esek Cowen* and *Albert A. Abbott* for appellants. When different inferences may be drawn from undisputed evidence, the true inference is a question for the jury. (*Powell* v. *Powell*, 71 N. Y. 71 ; *Am. Life Ins. T. Co.* v. *Dobbin*, Hill & Den. 252 ; *Comstock* v. *Willoughby*, Id. 271 ; *Cowdin* v. *Gottgetreu*, 55 N. Y. 650.) Plaintiffs had a right to prove that the language used by their messenger would be understood by a banker in that locality as relating to the liability of the bank for the amount of the check, and not merely to the genuine character of the certificate. (*Ehle* v. *Chittenango Bk.*, 24 N. Y. 548 ; *Wachter* v. *Quenzer*, 29 id. 548 ; *Bissell* v. *Campbell*, 54 id. 357 ; *Brown* v. *Brown*, 8 Metc. 576 ; *Storey* v. *Solomon*, 6 Daly, 531 ; 71 N. Y. 420 ; *Coit* v. *Com. Ins. Co.*, 7 Johns. 385 ; *Astor* v. *Union Ins. Co.*, 7 Cow. 202.)

Upon the facts stated in the pleadings and in the plaintiff's opening, the case should have been submitted to the jury upon the question of the defendant's negligence. (89 N. Y. 425.)

*Wheeler H. Peckham* for respondent. On a second appeal the decision on the first appeal is the law of the case, and the question will not be reopened. (*Clark* v. *Keith*, 106 U. S. 464.)

RAPALLO, J. When this case was first before us (89 N. Y. 418), it came up on an appeal by the defendant from a judgment rendered in favor of the plaintiffs, on a verdict in their favor. That judgment was reversed, and necessarily, there having been manifest error in the charge of the judge, who instructed the jury, in substance, that if the draft was presented to the teller of the defendant and he answered the question of the messenger who presented it, in the manner testified to by the messenger, the plaintiffs were entitled to recover. That instruction was, in effect, a charge that if the messenger asked the teller whether the certification was good and the teller answered in the affirmative, that answer of itself, as matter of law, rendered the defendant liable.

Under that charge the jury were relieved from considering the circumstances proved upon the trial, and from construing the import of the question and answer, and were constrained to render a verdict for the plaintiffs, provided they believed the testimony of the messenger as to the answer which he received. They were not required to consider any of the questions arising upon the evidence, as to the notice which the bank had received in relation to the draft, and the entries relating to it, contained on its own certification book and book of estoppel checks, nor any question of negligence on the part of the teller, in failing to refer to the books mentioned. The charge held that the statement of the teller that the certification was good, constituted in itself, as matter of law, an absolute estoppel upon the defendant, which precluded it from disputing its liability upon the certification, for the full amount of the draft, as raised subsequent to the certification, without

reference to any other question. This a majority of the court held to be error. It by no means follows, however, that that decision established that the defendant was absolutely exempt from liability, and could not be held responsible even if the defendant, at the time the teller said that the certification was good, had notice that it had ceased to be good by reason of the subsequent alteration of the draft, or had in its possession the means of ascertaining that fact, and the jury should find that it was guilty of culpable negligence, under the circumstances, in omitting to resort to those means of information, and thus misled the plaintiffs to their injury. That is an entirely different question from the one which was adjudicated on the former appeal.

On the trial now under review, the plaintiffs did not rest upon the teller's answer alone, which on the first trial was erroneously held to be, of itself, sufficient to make the defendant liable. They sought to go further, and to show that before answering the question the teller examined the whole of the draft, both face and back, and everything upon it. It bore plainly on its face the number 73436. The complaint stated the facts relating to the history of the draft and the notice to the defendant that a draft bearing that number had miscarried, and requesting the defendant to stop payment of it, and the other facts set forth in the report of this case on the first appeal (89 N. Y., 418), and on the last trial the counsel for the plaintiffs opened the case stating fully these facts, and, after a motion to dismiss on the complaint and opening, the counsel made a further opening stating that he expected to prove that in the ordinary usage of banks in the city of New York it was the duty of the teller, under the circumstances in this case, before answering the question asked of him, to compare the draft with the entry in the certification book, and with the book of stopped payments and the entries made therein, which identified the draft by its number 73436, and that the teller was guilty of gross negligence in answering the question without first making the comparison ; also, that, according to the usage, the question asked the teller in

this case related, not merely to the marks of certification, but to the draft as certified; and he also asked to go to the jury on the question whether the teller examined the whole draft and whether his answer referred to the draft as certified, or to the marks of certification only. After this further open- ing, the defendant's motion to dismiss the complaint was granted and the plaintiffs' request to go to the jury denied, and the plaintiffs' counsel excepted.

We think that the court erred in thus dismissing the com- plaint. Without regard to the admissibility of evidence of usage, the plaintiffs had a right, under the circumstances offered to be proved, to go to the jury on the question whether the inquiry made of the teller was understood by the parties as referring to the validity of the certification at the time it was exhibited to the teller, or only to the genuineness of the marks of certification, and also on the question whether it was culpably negligent, under the circumstances, to answer the ques- tion without referring to the certification book and the book of stopped payments, which referred to the draft in question by its number, and would have disclosed the fraud. It was promptly discovered on the following day, when the draft was presented for payment. Neither of these question was necessarily involved in the case as presented to us on the first appeal. The judgment then under review could not have been sustained on the ground that the jury might have found for the plaintiffe on the two questions now referred to, and the reversal of the judgment cannot, therefore, be regarded as an authoritative decision that they were not proper for the con- sideration of the jury. When the court is divided, as it was on the first appeal, and the majority concur simply for reversal, it is not safe to treat anything as having been adjudicated except the precise point in respect to which error in the judgment of the court below was made to appear, which in this case was that the judge charged the jury, as matter of law, that if they found that the question whether the certification was good, was asked of defendant's teller, and answered as testified to by the messenger, the plaintiffs were entitled to

recover. That this charge was erroneous is all that was necessarily decided on the first appeal.

The counsel for the respondent now makes the point that in reviewing the decision dismissing the complaint, we must consider only the facts stated in the complaint itself, and that the further facts referred to in the opening of the counsel and in his offers of proof cannot be considered. We do not think this point tenable. Where a complaint is dismissed on the opening of counsel, all the facts referred to in his opening, or offers of proof, should be considered, including facts not stated in the complaint, unless objection to proof of such additional facts is made on the specific ground that it is not admissible under the pleadings. No such specific objection appears to have been made. If it had, it might have been met by an amendment of the complaint if necessary.

The judgment should be reversed and a new trial ordered, costs to abide event.

All concur, except EARL. J., not voting, and PECKHAM, J., not sitting.

Judgment reversed.