Per Curiam.
—When this case was last before the court of appeals (105 N. Y., 398) that court decided that evidence was admissible to prove, first: that both parties understood that the inquiry made of the teller referred not merely to the genuineness of the marks of certification, but rather to the validity of the certified cheque as it was presented to the teller; and, secondly, that the defendant was culpably negligent in assuring the plaintiff that the certification was good when it had in its hands the certification book, and the book of stopped payments, which showed that the cheque had been fraudulently altered.
The court at the trial seems to have followed, in all things, the views expressed by the court of appeals.
We are asked to set aside the verdict on the ground .that it is against the weight of evidence. We do not so regard it.
It is argued that the defendant will have an action against Clews as the indorser, or rather as a guarantor of the genuineness of the cheque, if it is compelled by the judgment in this suit to pay the cheque, and that to prevent *1020 circuity of action the court will bar Clews from a recovery against the defendant. We do not see how Clews ever became liable to the bank in respect of the cheque.
The judgment must be affirmed, with costs.