Clement, Ch. J.
The legal principle which the counsel for respondent invokes in the present case is clearly set forth by Judge Andrews in the case of Victory v. Baker (67 N. Y., 366, 370), as follows: “The case of a customer who goes to trade at a store or of a guest at an inn, are examples where the relation between the parties imposes a duty to make his premises reasonably safe for those who by his invitation enter them.”
The difficulty, as in many other cases founded on alleged negligence, is in the application of the principle to the facts and the question we have to decide is whether the court should have dismissed the complaint, or was right in holding that there was sufficient evidence to justify the submission of the case to the jury.
There are two questions which call for our consideration:
First. Was plaintiff invited as a customer to that part of the store of defendants where he sustained his injuries.
Second. Was it a negligent act on which an action will lie for the employees óf the defendants to leave the handle of the truck on the floor where it was when plaintiff was thrown down.
As to the first question, it seems to us that the testimony Was conflicting. The plaintiff testifies that he had purchased goods several times before he was injured, at the same place and that customers were in the habit of buying goods in that portion of the store. The defendants located the track at a point opposite the varnish rack and the plaintiff placed it at a point at the end of a show case, evidently referring to the varnish rack, so called by the defendants’ witnesses. The plaintiff could not testify that Tarnishes were kept at this place, but says: “I only know *747 that material for sale was exposed there and in other places.
■ The defendant Mooney states that customers were usually served at the first two counters on each side, and that goods were displayed there, but it appears that goods were exposed and sold at and near the varnish rack, if the plaintiff was to be believed. The court properly submitted the question to the fact whether he was at a point where customers usually bought goods. In other words, the trial judge left the question to the jury to say whether the plaintiff was injured while at a point “ by the sufferance of the defendants,” or was he at a point “ by invitation.” Victory v. Baker, supra.
The second question, whether it was negligence to leave the handle of the truck lying at a place where customers were invited, was also a question for the jury. The handle of the truck was three feet long, and made of iron, and lay upon the floor, or nearly so, for its entire length,, and the cross-piece was nine inches in length. It could not be seen by a person passing by, like the truck itself, or a pile of goods, and there was proof on the part of the plaintiff tending to show that the handle was usually placed in an upright position. The handle of the truck was not dangerous in the same sense as a trap-dodr, still we cannot hold, as matter of law, that the defendants were free from negligence in permitting the handle to lie at a place where customers were invited to purchase goods, and where, as the result in this case shows, a customer might be seriously injured. The defendants had a right to have a truck in their store, but whether the handle was left in a reasonably safe position, wás a question for the jury.
The first, second, third and eighth requests to charge were properly refused, for the reasons as above set forth.
Judgment and order denying new trial affifmed with .costs.
Van Wyck, J., concurs.