WIMPFHEIMER *v.* LUDWIG *et al.*

*(City Court of New York, General Term.   June 20, 1888.)*

1. TRIAL—ADMISSIONS OF COUNSEL—RELEASE OF ACCOMMODATION MAKERS OF NOTE.
    In an action on a promissory note, defendants' counsel, in opening, stated that defendants made the note to one J. for his accommodation, plaintiff receiving the

same with knowledge of that fact; that, while in possession of the note, plaintiff requested J. to make an assignment for benefit of his creditors, with preference to plaintiff, agreeing to accept the same in satisfaction of J.'s indebtedness, including the note in suit; that the assignment with such preference was made. *Held,* that such statements, if shown to be true, were a defense to the action, and therefore it was error to direct a verdict for plaintiff on such opening.

2. NEGOTIABLE INSTRUMENTS — ACTIONS ON—PLEADING—RELEASE OF ACCOMMODATION MAKERS.

In such action, defendants also claimed that plaintiff agreed to release them from liability on the note if they would not interfere with the assignment. *Held* that such defense, not having been set up by answer, was not available to defendants.

Appeal from trial term; McGOWN, Judge.

This is an action on a promissory note. Defendants offered to prove that the note in suit was given by defendants to Jacob Fisher in exchange for a like note of Fisher for accommodation of the latter, and that this was known to plaintiff at the time he received it; that Fisher made an assignment for benefit of creditors, at plaintiff's request, making plaintiff a preferred creditor on his agreement to accept the same in satisfaction of Fisher's indebtedness. The further defense relied upon was that plaintiff agreed to release defendants from liability on the note if they would not interfere with the assignment; but such defense was not set up by answer, and, on plaintiff's objection, was excluded from consideration by the jury. From a judgment for plaintiff, entered upon a verdict directed by the court, defendants appeal.

Argued before BROWNE and EHRLICH, JJ.

*Wager & Acker,* for appellants. *Otto Horwits,* for respondent.

BROWNE, J. There can be no doubt that the court has the authority to direct a verdict, on the opening of counsel, where admissions are made which leave no question of fact to litigate. *Clews* v. *Bank,* 105 N. Y. 398, 11 N. E. Rep. 814. But where this course is adopted, all the facts referred to therein, and offers of proof, should be considered. Id. An examination of statements made by counsel as to what he expected to prove in behalf of the defendants to sustain the defense set forth in the answer would, if proven to the satisfaction of the jury, relieve the defendants from liability. A fair interpretation of counsel's statement lead to the conclusion that the jury might infer from the conversation, which he said would be proven, that the agreement referred to in the opening and alleged in the answer was made. Now, this agreement, as outlined, was that the defendants gave the note in suit to one Jacob Fisher for his accommodation. That the plaintiff knew the fact. With such knowledge he received the note. While it was in his possession it is alleged that he requested Jacob to make an assignment of his property for the benefit of his creditors, with a preference to him for his indebtedness to him. That if Jacob made this assignment and preference, the plaintiff would accept the same in satisfaction of Jacob's indebtedness to him, which included the note in suit. Now, if such statement was shown to be true, Jacob was the real debtor on the note. The plaintiff knew that, and in discharge of that debt the plaintiff accepted an assignment of Jacob's property. This act amounted to a satisfaction of the debt, and discharged the defendants' from liability upon the notes. *Bank* v. *Sherman,* 33 N. Y. 69. It appears to me that there was a misconception upon the trial as to the position of the defendants counsel. In addition to his contention that the note was satisfied by reason of agreement made between Jacob and plaintiff, he claimed the right to present to the jury the question whether the defendants promised not to interfere with Jacob's assignment if they were released from liability upon the note. Upon this question the defendants would not be entitled to go to the jury, for the reasons stated by the learned counsel for the plaintiff. Yet this would not deprive him of presenting the question of satisfaction of the note under the agreement first mentioned. A party may present as many defenses as he may have, and if one is good it would be unnecessary to present

v.1N.Y.s.no.9—28

others. The defendants should have been permitted to prove (if they could) the issue as to whether the note was satisfied in the manner alleged in the answer. We therefore think the judgment should be reversed, and a new trial ordered, with costs to abide event.

EHRLICH, J., concurred.