## FLANNIGAN v. AMERICAN GLUCOSE CO.

*(Superior Court of Buffalo, General Term.* November 8, 1890.)

**1. NEGLIGENCE—DANGEROUS PREMISES.**

Plaintiff, having gone, in the course of his business, to defendant's factory, to find an employe of defendant who usually attended to the business, went, through a passage-way not generally used for that purpose, into a portion of the factory from which all persons but defendant's employes were excluded, and while going towards the stairs to which he had been directed by S., an employe of defendant, the place being dark, fell into an elevator hole, and was injured. *Held,* that defendant was not liable for the injury, being under no duty to plaintiff to guard the elevator hole, and that the direction given by S. did not add to defendant's obligation.

**2. SAME—ELEVATORS.**

The provision of Laws N. Y. 1887, c. 462, entitled "An act to regulate the employment of women and children in manufacturing establishments," etc., which requires the protection of elevator holes, (section 8,) was not designed for the protection of persons going on such premises without invitation or business, and imposes no obligation or duty on proprietors of manufacturing establishments in respect of such persons.

Motion for a new trial upon case containing exceptions, ordered to be heard at the general term in the first instance. The plaintiff was employed by a firm engaged in delivering boxes to defendant. In the course of his business, he drove a team, with a load of boxes, to defendant's warehouse, situated on the south side of Scott street, in Buffalo, and there delivered the boxes to the employes of defendant. The method of delivery was for plaintiff to toss the boxes through a window, where they were caught by defendant's inspectors, and, if satisfactory, accepted. The foreman having charge of this business for defendant was named Cook, and the employe who assisted him was Scheel. Plaintiff had delivered boxes in this manner for about four years, and had been to the warehouse many times. Defendant's factory was situate on the north side of Scott street, where its manufacturing business was carried on. On the day of the accident, plaintiff drove, with a load of boxes, to the warehouse. Cook was not there to receive them. After waiting 20 or 25 minutes, Cook not appearing, plaintiff made inquiries of some employes, and learned that Cook was in the factory. He went to the factory, found Scheel, inquired for Cook, and was informed that he was up-stairs. He asked the way up-stairs, and Scheel pointed in the direction of an elevator shaft, by the side of which the stairs were situated. Plaintiff walked in the direction indicated, and fell into the elevator hole, and was injured. The place where plaintiff entered the factory was through a large door, used for running into the factory railroad cars, where they were unloaded upon a raised platform constructed for that purpose, and level with the floor of the factory. There was but little space between the platform and the car. Plaintiff got upon the platform by jumping. Scheel was at this time unloading barrels from a car by the platform. This portion of the factory received but little light; was filled with barrels, vats, tubs, etc., used about the business; and at the elevator hole it was dark. The elevator, at the time of the injury, was in use hoisting barrels to the upper floor. The doors of the well hole were open, and it was not protected or guarded. The point of entrance used by plaintiff was not the usual one, and was not generally used by the employes or persons visiting the factory on business. West of this entrance were two entrances,

one with steps running up from the street, which connected with stairs going to the upper stories, another which led into the business office of the factory. The first of these is 15 feet west from the car track, the second 20 feet. These entrances were protected by doors which were seen by plaintiff. No one was allowed to go through the factory except employes, and plaintiff had never before been therein.

Argued before BECKWITH, C. J., and HATCH, J.

O. C. De Witt, for plaintiff.   John G. Milburn, for defendant.

HATCH, J.   The complaint in this action is predicated upon a negligent omission of duty by defendant by which plaintiff suffered injury. The proof is in harmony with the allegations of the complaint as to the cause of the injury. We are therefore confronted with the question, did defendant owe any duty to plaintiff to keep its premises and the elevator hole in a more secure condition? Plaintiff was not an employe of defendant; was not upon the premises engaged in any business for defendant. He entered the premises through a passage-way not used for that purpose, and was in that portion of the factory from which the public, and all persons except employes of defendant actually engaged in its business, were excluded. Not only was plaintiff not invited into the factory, but he was there against the express direction of defendant, at a time when the premises were being used in the usual and customary method in which its business was transacted. Under such circumstances, authority is abundant that no duty was imposed upon defendant to guard the elevator hole, or provide other protection for plaintiff, and this is true whether he be considered a mere trespasser or was there by the sufferance of defendant. Being there, he assumed all the risks incident to the surroundings. *Victory* v. *Baker*, 67 N. Y. 366; Thomp. Neg. p. 308; *Cusick* v. *Adams*, 115 N. Y. 55, 21 N. E. Rep. 673. Plaintiff's position is not aided by the direction given by Scheel. Taking plaintiff's version, denied by Scheel, plaintiff's witness, it amounted to no more than a direction where Cook could be found; it added nothing to the obligation of defendant; and it was no assurance to plaintiff of his safety. *Larmore* v. *Iron Co.*, 101 N. Y. 391, 4 N. E. Rep. 752.

The claim is made, however, that this case is excepted from the operation of the foregoing rule, for the reason that defendant was subject to a statutory duty which required the protection of the elevator hole. The statute relied upon is chapter 462, Laws 1887. We think this statute has no application to the present case. Its preamble reads: "An act to regulate the employment of women and children in manufacturing establishments, and to provide for the appointment of inspectors to enforce the same." Plaintiff is certainly not embraced within the class of persons contemplated by the preamble, and the act itself shows that it is limited in its operation to such persons as are employed in the establishment, and is so expressed in section 8. It was not designed to embrace persons who should go upon the premises without invitation or business; consequently it imposed no obligation or duty upon defendant with respect to such persons. *Knight* v. *Railroad Co.*, 99 N. Y. 25, 1 N. E. Rep. 108; *Graham* v. *President, etc.*, 46 Hun, 386. In no view of the case does plaintiff show himself entitled to recover. The exceptions are therefore overruled, motion denied, and judgment ordered for defendant.