## KUEBLER *v.* MAYOR, ETC., OF CITY OF NEW YORK.

*(Supreme Court, General Term, First Department.    June 26, 1891.)*

MASTER AND SERVANT—NEGLIGENCE—EVIDENCE.

Plaintiff, a boy 9½ years old, while sitting in the night-time on the edge of a side-walk, with his legs extended towards the gutter, was run over by defendant's cart, and injured. The driver of the cart was proceeding slowly on his way, without negligence in the management of the cart, and the boy was shown to be bright, and able to take care of himself. There were no witnesses of the occurrence other than the boy and the driver. *Held,* that the evidence failed to establish negligence on the part of defendant's servant, or to relieve plaintiff from the imputation of contributory negligence, and that the complaint was properly dismissed.

Exceptions from circuit court, New York county.

Action by Christian Kuebler against the mayor, aldermen, and commonalty of the city of New York. The complaint was dismissed at the close of plaintiff's case, and his exceptions thereto were ordered to be heard in the first instance at general term.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*H. Warren Love,* (*Richard W. Ryan* and *Woolsey Carmalt,* of counsel,) for plaintiff. *Wm. H. Clark,* Corp. Counsel, (*Theodore Connoly,* of counsel,) for defendant.

BARRETT, J. The complaint was dismissed at the close of the plaintiff's case, and we think correctly. There was not a particle of evidence to sustain the charge of negligence, nor to establish freedom from contributory negligence. No one witnessed the occurrence, and all we know is that the boy was run over by a cart (probably owned by the defendant) while he was sitting upon the edge of the sidewalk, with his legs extended outward across the gutter. The cart was moving slowly at the time of the accident, and the boy was trying to revive a fire which had been made in the gutter, doubtless from some piece of kindling wood. This fire had nearly gone out, and the boy was blowing upon it. It was about dusk of a November evening, between 5 and 6 o'clock. The boy's brother testified that it was "dark at the time, but not very dark." A lamp was lit some 20 or 25 feet from where the boy thus sat, with his legs in the street, playing with the dying fire. This boy was 9 years and 6 months old, and his father testified that he was very bright, and was well able to take care of himself. Under these circumstances it is impossible to infer negligence upon the part of the driver of the cart. No negligent act in connection with the handling of the cart is proved, and we have nothing but the bare fact that the boy's leg was crushed while the cart was proceeding slowly, in the dusk of evening, on its lawful course upon the highway. The driver was undoubtedly bound to look out for persons or vehicles, and, if possible, to avoid running over the one or into the other; but his attention would ordinarily be directed to persons standing upright in or crossing the street, and he could scarcely be expected to be equally observant of the surface of the highway, or of objects almost upon a level therewith. If the occurrence had been in broad daylight, and the driver had been proceeding at an unusual rate of speed, or if there had been any direct evidence of actual inattention, a different question would be presented. In the entire absence, however, of any such direct evidence, we are here left to mere conjecture; and that, certainly, will not answer to fix responsibility upon the defendant. We think, too, that the boy's own negligence contributed to the accident. He was, as we have seen, old enough and bright enough to be able to take care of himself; and he was responsible for the exercise of such care as might reasonably be expected of one of his years and capacity. In the most liberal view of this rule, it cannot be said that the burden of showing freedom from contributory negligence has here been met, either by direct evidence or by the drift of surrounding circumstances. If boys as old

and as bright as the deceased sit down in the streets, or upon the curb-stones with their legs extended into the streets, they must expect to get into trouble. At all events, they knowingly run a great risk.    The inference here is that the boy either saw the cart slowly approaching, and paid no attention to it, or that his attention was so engrossed with blowing upon the smouldering fire that he did not observe the approach of danger.    In either case his carelessness contributed to the accident.    We think, therefore, that the exceptions should be overruled, and judgment rendered in favor of the defendant upon the dismissal, with costs.    All concur.