(7 Misc. Rep. 645.)

ROBERTON v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. PRACTICE IN CIVIL CASES—MOTION TO DISMISS.
   Upon a motion to dismiss the complaint on the opening, the plaintiff is entitled to the benefit, not only of all allegations in the pleading and opening, but of all his offers of proof.

2. MUNICIPAL CORPORATIONS—LIABILITY FOR DANGEROUS PREMISES.
   To one upon its premises by invitation, a municipal corporation owes the duty of care to keep them reasonably free from danger, and is liable for an injury of which a neglect of the duty is the proximate cause.

3. NEGLIGENCE—PROXIMATE AND REMOTE CAUSE.
   The maxim, "In jure non remota causa, sed proxima, spectatur," expounded and applied.

4. RAILROAD COMPANIES—DUTY TO FENCE TRACKS.
   No duty, either by statute or at common law, is incumbent on a railroad company to fence its track for the security of persons on them without invitation, express or implied.

5. CONTRIBUTORY NEGLIGENCE—WHEN DEFEATS ACTION.
   The contributory negligence effectual to defeat an action for negligent injury.

6. SAME—DISMISSAL OF ACTION.
   A complaint for negligent injury will be dismissed on the opening where, upon such opening, contributory negligence appears by necessary inference.

(Syllabus by the Court.)

Appeal from trial term.

Action by John Roberton, as administrator, against the mayor, etc., of the city of New York, and the New York Central & Hudson River Railroad Company to recover for the death of plaintiff's intes-

tate, alleged to have been caused by the negligence of defendants. From a judgment entered on an order dismissing the complaint on the opening, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Gilbert Lamb, for appellant.
Theodore Connoly and D. W. Tears, for respondents.

PRYOR, J. The action proceeds upon the hypothesis that the death of the intestate was the effect of the concurrent negligence of the defendants,—of the defendant municipality, in that it invited the intestate upon premises which it wrongfully kept in an unsafe condition; and of the defendant company, in that it omitted to maintain a fence to prevent access to its track. The failure to guard the approach to its track being the only negligence imputed to the defendant company, the question is, was the company, on the facts of the case, under a legal duty to the intestate to protect her from falling from the embankment upon its track? In reviewing the decision of the trial court dismissing the complaint on the ground that no cause of action was apparent, we are to consider as well offers of proof as facts stated in the pleading and the opening. Clews v. Association, 105 N. Y. 398, 404, 11 N. E. 814; Kley v. Healy, 127 N. Y. 555, 559, 28 N. E. 593. That the statute (chapter 282, Laws 1854) imposed no duty on the company to fence its track for the security of the intestate is settled by unimpeachable authority. Ditchett v. Railroad Co., 67 N. Y. 425. Donnegan v. Erhardt (N. Y. App.) 23 N. E. 1051, cited contra, decides only that a railroad company may be under obligation to its servants and passengers to protect them against injuries occurring from the intrusion of animals on its track. Nor, independently of the statute, was any duty incumbent on defendant company to protect the intestate from falling on its track. The case is not of a peril created in such close proximity to a highway as to endanger a passer-by in the exercise of ordinary care (Beck v. Carter, 67 N. Y. 283), nor yet of an injury to an invitee from a snare on the premises (Hooper v. Railroad Co., 59 Hun, 121, 13 N. Y. Supp. 151). The intestate was a trespasser, or at best a mere licensee; and as such she could require of defendant company no affirmative act of safeguard and security. Cusick v. Adams, 115 N. Y. 55, 21 N. E. 673; Hooper v. Railroad Co., supra; Splittorf v. State, 108 N. Y. 206, 15 N. E. 322; Sutton v. Railroad Co., 66 N. Y. 243; Victory v. Baker, 67 N. Y. 366, 370; Nicholson v. Railway Co., 41 N. Y. 525. The defendant company maintained nothing upon its premises of a nature to attract children, within the principle adverted to by us in Scmidt v. Cook (Com. Pl. N. Y.) 23 N. Y. Supp. 799. We are of the opinion that the death of the intestate was due to no actionable negligence on the part of defendant company, and that, consequently, as to it the complaint was properly dismissed.

The defendant municipality objects that the plaintiff cannot maintain the action against it, because of a failure to show notice

upon the counsel to the corporation, pursuant to chapter 572, Laws 1886. But offer of proof was made, and without objection that the fact was not alleged in the complaint. This was enough. Kley v. Healy, 127 N. Y. 555, 28 N. E. 593. It follows, therefore, that the case against the defendant municipality is to be considered on the merits. The liability of defendant the municipality of New York. is compounded of matter of fact and matter of law,—the matter of fact being, as stated in the complaint and in the opening, that the defendant invited and enticed the intestate upon its premises, and that those premises were in a condition of imminent danger to persons frequenting them; the matter of law, that it was the duty of defendant to keep the premises in a condition of safety for persons lawfully resorting to them. If the facts be as recited, and so we are bound to accept them, we see no escape from the conclusion that the defendant is chargeable with negligence. For the principle is elementary that "the owner of land owes to all persons rightfully upon it the duty to keep it in a condition reasonably safe to them." Bish. Non-Cont. Law, § 848; Cooley, Torts, 604; Beck v. Carter, 68 N. Y. 283. But, conceding the defendant's negligence, it is still a question whether that negligence was the cause of the intestate's death. Between the boundary of defendant's premises and the railroad track an embankment intervened, and from this embankment the intestate fell upon the track, where she was killed by the cars of the company. Whether the slip, which was the cause of her fall, occurred on the slope of defendant's premises or on the company's embankment is not known. All the plaintiff's counsel could say was that "it was between the place where these children were sitting [the top of the hill] and the edge of the bluff,"—12 feet away from defendant's premises. Thus it is not known that the intestate sustained her injury on defendant's ground, nor from any cause there in operation.

It is argued, however, that, supposing she slipped and fell on the company's embankment, still she could not have reached the place where she suffered had the defendant intercepted her egress from its grounds by a barrier. But the defendant's obligation was only to save her from injury on its own premises, and it was under no duty to protect her against injury on another's property and from another's act. Assume, however, a breach of duty by the defendant upon its premises, and that afterwards the intestate fell from the embankment to the railroad track, and yet the defendant's liability is not apparent. The injury suffered by the intestate was not by any act of the defendant, but of the railroad company. Nor was the catastrophe the natural or probable effect of defendant's primary negligence. The proposition that, because of the unguarded declivity, the intestate might run down the hill; and, so running, might slip and fall; and, so falling, might be precipitated over and across the embankment, 12 feet in width, upon the railroad track below; and, so lying on the track, might be crushed by a train of cars casually passing at the particular moment,—involves a concatenation of contingencies altogether beyond probable occurrence or reasonable apprehension. The negligence of the defendant, if any

there be, was not the proximate or efficient cause of the injury. "If, after the cause in question has been in operation, some independent force comes in and produces an injury not its natural or probable effect, the author of the cause is not responsible." Bish. Non-Cont. Law, §§ 42, 43. "A finding that negligence is the proximate cause of an injury is not warranted unless it appear that the injury was the natural and probable consequence of the negligence, and that it ought to have been foreseen in the light of surrounding circumstances. We do not say that even the natural and probable consequences of a wrongful act or omission are in all cases to be chargeable to the misfeasance or nonfeasance. They are not when there is a sufficient and independent cause operating between the wrong and the injury." Railroad Co. v. Kellogg, 94 U. S. 470, 475. "In order to make a defendant liable, his negligence must be the causa causans, and not merely a causa sine qua non." Kelly, C. B., in Lord Bailiffs v. Trinity House Corp., 39 Law J. Exch. 163. "A proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred." Shear. & R. Neg. § 26; Ehrgott v. Mayor, etc., 96 N. Y. 264, 281. "Where an injury to one is caused by, and is the natural and probable result of, the wrongful act or omission of another, such other is liable therefor, although other causes, put in motion by the act or omission, and which in the absence thereof would not have produced the result, contribute to the injury." Lowery v. Railway Co., 99 N. Y. 158, 166, 1 N. E. 608. That the "other cause" be "put in motion" by the defendant's act or omission is the essential element in the definition of liability. Here the cause of the intestate's death—the act of the railroad company—was not "put in motion" by the defendant's wrong or omission, but was an unconnected and independent agency. Nor was the act of the defendant concurrent with the act of the railroad company in causing the death of the intestate. "When two distinct causes are operating at the same time to produce a given result, which might be produced by either, they are concurrent causes; but, if two distinct causes are successive and unrelated in their operation, they cannot be concurrent. One of them must be the proximate, and the other the remote, cause, and the law will regard the proximate as the efficient and responsible cause, disregarding the remote cause." Herr v. City of Lebanon (Pa. Sup.) 24 Atl. 207. Here the fall of the intestate on defendant's premises, and her injury by the railroad company on its track, were obviously successive and unrelated events. It is apparent upon the record that the wrongful act or omission of the municipality defendant was not, in the legal sense, the proximate cause of the intestate's death; and the question, therefore, was for adjudication by the court, not for determination by the jury. Scheffer v. Railroad Co., 105 U. S. 249; Kley v. Healy, 127 N. Y. 555, 562, 28 N. E. 593. Waiving everything hitherto urged for the respondents, and assuming actionable negligence on their part, still the complaint was rightly dismissed for insufficient proof of the absence of contributory negligence on the part of the intestate. The intestate was a

bright, intelligent girl. between 9 and 10 years of age, and so was sui juris (Kuebler v. Mayor, etc. [Sup.] 15 N. Y. Supp. 187). She saw the cars coming. The peril of a fall in running down the hill or upon the embankment was perfectly obvious to her; yet of her own volition she abandoned her secure position, and challenged the danger by which she incurred her death. Indisputably the cause of her injury was her own negligence. A case far less clear would suffice for a dismissal of the complaint. The burden being upon the plaintiff to disprove contributory negligence, if the evidence pointed equally to the negligence and the nonnegligence of the intestate, or pointed to neither, the plaintiff's defeat was inevitable. Cordell v. Railroad Co., 75 N. Y. 330; Wiwirowski v. Railway Co., 124 N. Y. 420, 26 N. E. 1023; Bond v. Smith, 113 N. Y. 378, 21 N. E. 128; Hooper v. Railroad Co., 59 Hun, 121, 126, 13 N. Y. Supp. 151; Kuebler v. Mayor, etc. (Sup.) 15 N. Y. Supp. 187. Judgment affirmed, with costs. All concur.