HOOPER v. STATEN ISLAND MIDLAND R. CO.

(Supreme Court, Appellate Term.   October 4, 1900.)

STREET RAILROADS—COLLISION WITH VEHICLE—PLACE OF ACCIDENT—INSTRUCTION.

Where plaintiff sued for damages for being run into while in a stage on a highway on which defendant's tracks were laid, and it was admitted on the trial that the place where the accident occurred was not a public highway, a refusal to charge that there was no proof that the accident occurred on a public road was reversible error, since the degree of care required of defendant on a public road was much greater than on a private way.

Appeal from municipal court, borough of Manhattan.

Action by Patrick Hooper against the Staten Island Midland Railroad Company. From a judgment of the municipal court of the city of New York, borough of Manhattan, entered on a verdict for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Pinney & Thayer (Warren C. Van Slyke, of counsel), for appellant. John M. Gardner (Jonathan Deyo, of counsel), for respondent.

PER CURIAM. The complaint alleged that the plaintiff was injured while a passenger in a stage that was "rightfully upon a public highway upon which was laid defendant's tracks," by reason of a collision between the stage and one of the defendant's cars, which collision, it is alleged, occurred through the negligence· of the defendant's agent or servant. The answer denied that the collision occurred on a public highway, and alleged that the plaintiff and the stage in which he was riding were unlawfully upon the private property of the defendant, without any right, permission, or license, and that the accident was caused by the negligence of the plaintiff, and

without any fault or negligence on the part of the defendant. It appears from the evidence that the stage stopped on the defendant's track to fix some portion of the harness, that the place where the accident occurred was known as the "Egbert Farm," and that permission to lay tracks thereon had theretofore been given to the defendant by a former owner. Upon the trial the plaintiff's counsel admitted on the record "that the place where this accident occurred was not a public highway acquired by the public by legal proceedings, or dedication, or proceedings to open streets," and, again, that "there was no such user of this street that established it as a public highway by user." Notwithstanding such admission, the trial justice refused to charge the jury that "there is no proof in this case that the place where the accident occurred was a public road," and left it to them (the jury) to determine whether the accident took place upon a public or private road. It is obvious that such refusal was highly prejudicial to the defendant. The plaintiff having conceded that the accident occurred upon a private road, the only obligation, under the circumstances, resting upon the defendant, was not to inflict upon the plaintiff wanton and willful injury. Victory v. Baker, 67 N. Y. 366; Downes v. Bridge Co., 41 App. Div. 339, 58 N. Y. Supp. 628; Lagerman v. Railroad Co. (Sup.) 65 N. Y. Supp. 764. Instead of instructing the jury to that effect, they were substantially charged that they might hold the defendant liable if it failed to exercise the care owing from it to the plaintiff upon a public highway. This was clearly error of such a serious character as to call for a reversal of the judgment.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

