(45 Misc. Rep. 593)

### DOOLEY v. DEGNON–McLEAN CONTRACTING CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. NEGLIGENCE—INJURIES TO LICENSEE—CARE REQUIRED.

Defendant, a contractor of a portion of a subway tunnel, opened a ditch, the walls of which were braced by beams, and provided bridges to cross the same at close intervals. Plaintiff, an inspector of sewers, having occasion to make certain check marks in the excavation, walked on one of such beams, and when in that position was struck by a slack cable attached to a traveling bucket, and was injured. *Held* that, though plaintiff was a licensee, defendant was not bound to anticipate that plaintiff or others would walk on the beams, and was not liable.

2. SAME—IMPLIED INVITATION.

An invitation to plaintiff to so use the beam could not be implied from its occasional use by defendant's employés in disregard of defendant's apparent intention, as indicated by the construction of the bridges.

Appeal from City Court of New York, Trial Term.

Action by Michael Dooley against the Degnon-McLean Contracting Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GIL-DERSLEEVE, JJ.

Herman Aaron and Loren Wood, for appellant.
Denis A. Spellissy, for respondent.

BISCHOFF, J.  The recovery in this case lacks essential support upon the basis of the defendant's negligence.  The plaintiff, an inspector of sewers, having occasion to make certain check marks in the defendant's excavation for the rapid transit subway tunnel, walked out upon a beam over the excavation, and when in this position was struck by a slack cable attached to a traveling bucket, with the result that he lost his balance and sustained injuries.  This beam (one of a line of braces to the retaining wall of the excavation) had a surface width of 8 inches, was 22 feet long, and spanned an excavation of that width, having a depth of 32 feet.  The negligent omission asserted is the defendant's failure to cause the cable attached to the bucket to be held by a "hanger" above the line of these bracing beams, but it is impossible to hold that the defendant was under any such duty to the plaintiff.  Assuming that, by reason of his duties, he was a person invited upon the scene of this work, and so entitled to the exercise of reasonable care for his protection, there is no inference that the defendant should reasonably have expected his presence upon this beam, and have adopted devices for keeping the particular place clear from the passing cable.  Bridges were provided at fairly close intervals for the crossing of the excavation; but this beam was not a place of crossing, in any reasonable aspect, and the defendant was not to anticipate the plaintiff's confidence in his own acrobatic prowess.  Upon a bridge, the passing of a slack cable may well have been a thing of no danger, while very dangerous to one whose foothold depended upon an accurate balance on a narrow beam; but the defendant owed no duty to guard the plaintiff from this latter condition, the risk of which he clearly assumed himself.  It may have been more convenient for him to work from the beam than from below, but it was not essential, as appears; and the defendant could not be required to expect, without notice, that this dangerous place was to be used for a purpose for which it was obviously not intended.  The circumstances do not suggest notice of a necessity for the plaintiff's presence upon the beam in any way, and an invitation to place himself in that position is not to be implied from the occasional use of the beams by the defendant's employés, in disregard of the apparent intention of the defendant, as indicated by the arrangement of bridges for safe crossing.  See Victory v. Baker, 67 N. Y. 366.

Apart from the question of the failure of proof of negligence, which we have discussed, there was error in the court's statement that the matter of the surrounding arrangements was immaterial; this statement having been made in refusing defendant's request to charge, and its effect being necessarily to withdraw the question referred to from the jury.

The judgment and order appealed from must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.