(125 App. Div. 587.)

## WARD v. HILL.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

1. NEGLIGENCE—ACTIONS—TRIAL—QUESTIONS FOR JURY.

In an action for personal injuries caused by plaintiff's stepping into a tank of scalding hot water while walking through defendant's basement to examine the work of plaintiff's employés on defendant's engine, whether plaintiff was guilty of contributory negligence, *held*, under the evidence, a question for the jury.

2. SAME—ACTS OR OMISSIONS CONSTITUTING NEGLIGENCE—CONDITION OF PREMISES.

Where plaintiff's employés under his direction were working in defendant's basement on defendant's engine, it was defendant's duty to make the premises reasonably safe as to plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 42.]

3. SAME—ACTIONS—TRIAL—QUESTIONS FOR JURY.

In an action for personal injuries caused by plaintiff's stepping into a tank of scalding hot water while walking through defendant's basement to examine the work of plaintiff's employés on defendant's engine, whether defendant was negligent in discharging his obligation to plaintiff *held*, under the evidence, a question for the jury.

Appeal from Trial Term, Kings County.

Action for personal injuries by George H. Ward against John Hill. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

William A. Jones, Jr. (Alden S. Crane, on the brief), for appellant. Don R. Almy, for respondent.

PER CURIAM. The plaintiff entered the basement of defendant's premises to examine the work of plaintiff's employés on defendant's engine. The basement was lighted by artificial lights only, and there is evidence that the light was decidedly dim. Walking in a passageway, he found it partly and temporarily obstructed by a table and chairs and by a small ammonia tank. He stopped to talk with the defendant's assistant engineer and spoke of his errand. He proceeded, and to avoid these obstructions he found it necessary to step out at right angles to his course and over the ammonia tank. He looked, and as well as he could see the place whereon he proposed to step looked as black and of the same substance as the floor. He then stepped, only to put his foot into a tank of scalding hot water. This tank had been sunk into the engine floor. The plaintiff had constructed it years before. The defendant contends that the plaintiff should have been dismissed because of his contributory negligence, and because the defendant was not negligent. But we think that those questions were for the jury, whose verdict for the plaintiff should not be disturbed.

1. As to the contributory negligence: While it is true that the plaintiff knew of the existence of the tank and its purposes, and in stepping into it departed from the passageway, he also testifies that when he built the tank he told the defendant that it must be covered

over, and thereupon this was done; that he had thereafter walked over it many times, the last time being but two weeks before the accident. It did not appear that the tank was ever uncovered, save when it was necessary to remove a plank in order to repair some of the inside machinery, and that it thus happened that the tank had been uncovered in the morning of the day of the accident. Just before taking this step the plaintiff encountered the defendant's assistant engineer, who knew the plaintiff's errand, and consequently his natural destination, who must have seen the surrounding obstructions, who "guessed" that he knew the tank was uncovered, but who said nothing of it to the plaintiff. There was neither sign nor warning that the tank was uncovered. The principal case cited by the defendant on the question of contributory negligence is Kennedy v. Friederich, 168 N. Y. 379, 61 N. E. 642. This is distinguishable. Kennedy fell into a hole in an elevator shaft made whenever the elevator was shifted from the floor whereon he walked, and the court held that he had no right to assume that he could cross the floor in safety, because the elevator would be resting on that floor at the time and thus close up the hole. But the "hole" in the case at bar only existed when the permanent covering of the tank was removed, which was done only when repairs were required. The plaintiff had passed over it as covered frequently, and he had no reason to believe at this time that the cover was off, and he had no warning thereof.

2. As to the defendant's negligence: It was his duty to make the premises reasonably safe as to the plaintiff. Hart v. Grennell, 122 N. Y. 371, 25 N. E. 354; Indermaur v. Dames, L. R. 1 Com. Pl. 274. In view of the fact that the tank was on the edge of the passage, flush with the floor, normally covered over, only uncovered when it was necessary to repair it, that the plaintiff knew that it was normally covered, and had neither warning nor reason to believe that it was uncovered at this time, the commissions and omissions of the defendant presented a question for the jury as to whether he had discharged his obligation to the plaintiff. Victory v. Baker, 67 N. Y. 366, does not exculpate the defendant. Victory entered the premises on sufferance by a way not intended to be used, and, if used, in disregard of the manifest intention of the defendants. The vat into which Victory fell was under a skylight, and visible, although sometimes the vision was obscured by steam. This plaintiff came upon the premises by invitation, was passing along the usual passage, and in attempting to avoid a temporary obstruction in his path, by stepping to the side, stepped into the open tank, on a level with the floor and at the edge of the passage. Before his mishap he had stopped to speak to the defendant's first assistant engineer, who was on the spot, who saw the condition of affairs, who knew the tank was open, and who said nothing of it to the plaintiff, although he knew that the work of the plaintiff carried him to the end of the premises.

The exceptions taken are not fatal to the judgment. We affirm the order and judgment, with costs.