By the Court—White, J.
In an action like the present, in order to entitle the plaintiff to recover, it is not necessary that the fraudulent representations complained of should be the sole consideration or inducement moving the plaintiff to make the sale which deprived him of his property. If the representations contributed to the formation. of the conclusion in his mind to sell, that is enough, although there may have been other inducements operating at the same time, and aiding in leading him to that determination. (Addington v. Allen, 11 Wend., 381.)
A true test in such cases may be found in the inquiry, whether the plaintiff would have sold the goods if the false representations had not been made? If he would, then the false representations did not contribute to the sale, for he would have made the sale without them. But if he would not have sold them without the representations, then they contributed to the sale; and the party making them is responsible for the damage which the plaintiff suffered, notwithstanding that other equally powerful motives may have influenced his mind at the same time in the same direction, and without the existence of which he would not have come to the conclusion to sell.
*160 It is plain that each one of several concurring considertions or motives may be so necessary to induce the performance of an act, that, in the absence of any one of them the act would not be done; and when they are all thus necessary, and all concur, each one of them must be deemed to have aided in producing the act and its consequences. In the case before us, the two things—the representations made by the defendant respecting the responsibility of Cohen & Mendel, and the supposed security furnished by the indorsement of Stine & Mendel—may have both been necesswy to the conclusion to which the plaintiffs finally came, to sell the goods to the Cincinnati firm. Neither, separately, might have been a sufficiently powerful inducement, while both, united, would be.
The charge of the Court, as presented in the case, may, therefore, be open to the criticism, that it might be construed as containing an intimation to the jury, that the plaintiffs could not recover unless they sold the goods to Cohen & Mendel, solely upon the faith of the representations made by the defendant; and that they (the jury) were to determine between the two inducements—the indorsement and the representations, and were to say by their verdict upon which one of them it was that the plaintiffs parted with their property. A charge liable to such a construction would impliedly take away from the jury, or, at least, would not present to them, as under the circumstances it should have presented to them, the consideration of the probable or possible fact, that the plaintiffs were led to make the sale by both inducements, although they could not have been brought to make it upon either one alone, and that in that case the plaintiffs could recover for the damages sustained by them as certainly as if the sale were made upon the fraudulent representations solely. .
It is proper, therefore, on this ground, that a new trial should be ordered. And, indeed, it might have been properly submitted to the jury as a question, under the testimony in the case respecting the defendants, insolvency, *161 whether their suggestion or tender of their indorsement to the plaintiffs, was anything more than an act done in furtherance of the unjust design against the plaintiffs^ which they are charged with having fraudulently abetted.
Bespecting the question proposed to the plaintiff, Shaw, when testifying, and which was objected to, we think the court decided correctly in excluding it. The question required the witness to declare to the jury what the private operations of his mind were at the time of the sale. It is true that the discovery of these, to a certain extent, is necessarily involved in the investigation and decision of the issues jiresented in the case; but the knowledge of them must be gathered, not from allegations which the witness may now make as to what his mental emotions or purposes then Avere, but from the attending circumstances of the occasion; from the acts and declarations of the parties at the time. This rule is recognized in the decision of the Court of Appeals in the case of The People v. Saxton, (22 N. Y. R., 309.)
Upon the exceptions, however, which were taken to the charge of the Judge, and to the refusal to charge as requested, a new trial must be ordered, with costs to abide the event.
Bosworth, Ch. J., and Woodruff, J., concurred in granting a neAV trial on the ground of error in the charge and refusal to charge, and in the reasons assigned therefor, in the foregoing opinion.
Ordered accordingly.