BERNARD SHERIDAN, Appellant, *v.* STEPHEN C. JACKSON et al., Respondents.

Where upon the trial of an action, after plaintiff has opened his case, the complaint is dismissed on the ground that it does not state facts sufficient to constitute a cause of action, and plaintiff without asking leave to amend, excepts to the decision and appeals, the complaint will be treated as if it had been demurred to, and the sole question presented on appeal is whether it sufficiently states a cause of action.

An allegation in a complaint, in an action to recover the rents and profits of land, that plaintiff is entitled to the possession of the land and to the rents and profits thereof, is a mere allegation of a conclusion of law, and is insufficient; the facts should be alleged, from which such a conclusion may be drawn.

Plaintiff's complaint alleged, in substance, that he was entitled to the rents and profits of certain premises; that in an action between the other defendants, who claimed, as between each other, some interest in the premises, defendant C. was appointed receiver of the rents and profits, and a large amount thereof came into his hands, which plaintiff had demanded but C. refused to pay over. Plaintiff demanded that C.'s account; that he be restrained from paying over the moneys so received by him to any other person, and that he be required to pay the same into court, or to plaintiff, or to a receiver and for judgment, adjudging plaintiff to be entitled to the same. The complaint was dismissed on plaintiff's opening on trial; *held*, no error; that the complaint did not state facts showing plantiff to be entitled to the rents and profits; nor did it show any right in the plaintiff to intervene in the litigation between the defendants, as there was no allegation that they claimed in hostility to him, or that he could be in any way damaged by such litigation.

(Argued December 21, 1877; decided January 15, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment entered upon an order dismissing plaintiff's complaint on trial.

The substance of the complaint and the facts appear sufficiently in the opinion.

*Amasa J. Parker*, for appellant. A receiver may waive his immunity from suit by a general appearance in the action. (*Hubbell* v. *Dana*, 9 How., 424; *Jay's Case*, 6

Abb., 293; High on Receivers, § 261; 1 Wait's Pr., 199, 200; *Chaut. Co. Bk.* v. *Risley*, 19 N. Y., 376; *Parker* v. *Browning*, 8 Paige, 389; *Wiswall* v. *Sampson*, 14 How. [U. S.], 52.) The complaint stated facts sufficient to constitute a cause of action. (Broome's Legal Maxims, 147; *Like* v. *McKinstry*, 41 Barb., 188; *Larned* v. *Hudson*, 57 N. Y., 153.) Plaintiff will not be deprived of his remedy by reason of any formal defect in his complaint. (Code of Procedure, § 160; *Stickney* v. *Blair*, 50 Barb., 341; *Wright* v. *Wright*, 54 N. Y., 437.) The appeal brings up for review the order granting allowances. (Code of Procedure, § 131.)

*Edward M. Shepard*, for respondents. The complaint did not state facts sufficient to constitute a cause of action. (*Pattison* v. *Adams*, 7 Hill, 126; *Schofield* v. *Whitelegge*, 49 N. Y., 259; *Thomas* v. *Desmond*, 12 How. Pr., 321; *Adams* v. *Holley*, id., 326; *Walter* v. *Lockwood*, 23 Barb., 233; *Lawrence* v. *Wright*, 2 Duer, 674.) Plaintiff, never having been in possession, could not maintain trespass. (2 Saunder's Pleadings, 866; Waterman on Trespass, § 995.) A recovery for use and occupation can only be had where there exists the conventional relation of landlord and tenant. (*Sylvester* v. *Ralston*, 31 Barb., 286; *Hall* v. *Southmayd*, id., 32; *Jennings* v. *Alexander*, 1 Hilt., 154.) An action for mesne profits must be founded upon an actual recovery of possession had by ejectment or otherwise. (3 Black. Com., 205, 206; *Morgan* v. *Varick*, 8 Wend., 587; *Leland* v. *Tousey*, 6 Hill, 328; 2 R. S., 310, §§ 43–50; *Carson* v. *Smith*, 1 Jones [N. C.], 106; *Reid* v. *Stanley*, 6 W. & S., 369; *Holmes* v. *Davis*, 19 N. Y., 488.) No ground for an injunction was pleaded. (*Thompson* v. *Matthews*, 2 Edw., 212; *Savage* v. *Allen*, 54 N. Y., 458, 463.) This was not a proper case for equitable relief. (Willard's Eq., 90–92.) The complaint was properly dismissed for want of permission given to sue the receiver. (*De Groot* v. *Jay*, 30 Barb., 483; *Taylor* v. *Baldwin*, 14 Abb., 166.) The order granting allowances was within the discretion of the court, and was

not appealable. (*People* v. *N. Y. C. R. R. Co.*, 29 N. Y., 418, 423.)

EARL, J. On the trial of this action, after plaintiff had opened his case, the court dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action. He did not ask for leave to amend his complaint, but he excepted to the decision and appealed to the General Term, and then to this court, insisting all the time that his complaint was sufficient. Under such circumstances the complaint must be treated here as if it had been demurred to, and the sole question to be considered here is, whether it sufficiently states a cause of action ?

It alleges that plaintiff " was, on the 19th day of November, 1856, entitled to the possession of, and the rents, issues and profits thereof, and has been since and still is entitled to the same," of seventy-five lots of land in the city of Brooklyn, describing them ; that on or about the 26th day of January, 1870, an action was begun in the Supreme Court between the defendants Jackson as plaintiffs and the other defendants, excepting Cameron, as defendants, and that the parties to that action claimed as between each other some interest in these premises or the rents or profits thereof ; that afterwards in that action defendant Cameron was appointed receiver of the rents, issues and profits of the said premises ; that subsequently rents and profits amounting to a large sum arising from the said premises came into his hands, and that plaintiff had demanded from him the rents and profits so received by him, and had been refused; and then the plaintiff demanded relief, that the defendant Cameron account for all moneys received by him in the action in which he was appointed receiver; that he be restrained from " paying over to any person or persons, or making any disposition of the said moneys," so received, or afterwards to be received by him; "that he be required to pay the said moneys into court," or to the plaintiff, or to a receiver to be appointed in the action; that such order be made as is just; that a

judgment and decree be made adjudging and requiring the said moneys to be paid to the plaintiff. No relief or judgment was demanded against any of the defendants but the receiver Cameron.

The complaint does not allege any facts showing that the plaintiff was entitled to the rents and profits. It does not allege that he owned or ever possessed the premises, or that he owned the rents. The allegation that he was entitled to the possession of the land and to the rents and profits, is a mere allegation of a conclusion of law. The facts should have been alleged from which such a conclusion of law could have been drawn. (*Pattison* v. *Adams*, 7 Hill, 126; *Scofield* v. *Whitelegge*, 49 N. Y., 259.)

There is a further defect. The complaint does not show any right in the plaintiff to intervene in the litigation between the defendants. There is no allegation that any of the parties to that action claimed anything therein in hostility to him, or showing that he could in any way be damaged by that litigation, or bound by anything done or adjudicated therein. What right had he then to come into court and seek to take or control the moneys which they, in a litigation between themselves, had placed in the hands of a receiver to be disposed of in that action ?

There is, therefore, abundant reason for holding that the complaint did not state facts sufficient to constitute a cause of action.

We cannot interfere with the extra allowance of costs. That was within the discretion of the court below, and seems to have been computed upon a proper basis.

The judgment must be affirmed.

All concur.

Judgment affirmed.