SARAH OWEN, RESPONDENT, v. EDWIN M. KELLOGG, AS RECEIVER, ETC., APPELLANT, IMPLEADED WITH THE HOMŒO-PATHIC MUTUAL LIFE INSURANCE COMPANY.

*Receiver of a corporation — when not liable to a creditor (failing to present his claim), although he has a suit against the corporation pending at the time of the receiver's appointment — Code of Civil Procedure, sec. 756.*

Where a party, having a claim in suit against a corporation for which a receiver is appointed pending the action, has had notice of the time when claims were to be presented to the receiver, pursuant to the advertisement therefor, and has been served personally with notice to present the claim, and has presented no claim to the receiver, the court will not, after the receiver, in due course of distribution, has distributed the assets of the corporation, reserving only enough to meet his expenses, make the receiver a party to the action which was pending against the corporation at the time of his appointment.

It cannot properly be said that there is "a devolution of liability," under section 756 of the Code of Civil Procedure, when a receiver is appointed on the voluntary dissolution of a corporation; his duty is to distribute the assets of the corporation in the manner prescribed by law, but he does not become liable for its debts.

APPEAL by the defendant Edwin M. Kellogg, the receiver of the Homœopathic Mutual Life Insurance Company, from an order made at a Special Term held in Saratoga county on the 1st day of April, 1890, and entered in the office of the clerk of that county on the 22d day of April, 1890, substituting him as defendant in the place and stead of the Homœopathic Mutual Life Insurance Company of New York in the above-entitled action.

The action was brought by the plaintiff against the Homœopathic Mutual Life Insurance Company to obtain an adjudication restoring

a policy of insurance which had been canceled; such cancellation was claimed by the plaintiff to have been procured from her by means of false representations made to her on behalf of the company. After the joinder of issue in the action the insurance company instituted voluntary proceedings for its dissolution, in which proceedings it was dissolved and Edwin M. Kellogg, the appellant, was appointed the receiver thereof.

*William H. Arnoux*, for the appellant.

*William H. McCall*, for the respondent.

LEARNED, P, J.:

It cannot be properly said that there is a "devolution of liability" when a receiver is appointed on the voluntary dissolution of a corporation. He does not become liable for the debts. His duty is to distribute the assets in the manner prescribed by law.

Possibly there may be cases where, for the purpose of determining the existence or the amount of a debt, he could be made a party to an action previously pending against the corporation. Though we do not see why, in most instances, those matters could not be determined in the proceeding under the statute in which the receiver was appointed. But however that may be, in the present case the receiver had advertised for claims under the statute; he had even served the plaintiff and her attorney personally with notice to present their claim; the plaintiff had presented no claim, and the receiver, under the statute, had distributed the assets, reserving only enough to meet his expenses. After all this the present motion was made. Under these circumstances it would be unjust, by making him a party to this action, to throw on him the expense of litigation, especially when there are no assets from which to pay the claim, should the plaintiff be successful.

The plaintiff urges that the question, how the debt is to be paid, if proved, is not before us; that that need not be determined until the plaintiff shall have succeeded in the action. But clearly the only hope of the plaintiff must be, under the circumstances, to compel the receiver to pay from his own funds. On what ground that could be urged we do not know. And at any rate we ought not to expose the receiver, who has followed the directions of the statute

and has thus discharged his duty properly, to the expense of defending the action and to the risk of some attempt to make him personally liable.

The plaintiff had full notice of the time when claims were to be presented. If she had presented this claim, and any question had arisen whether it could be passed upon otherwise than in a formal action, she might, at that time, have made this motion. Then the receiver was in possession of funds and had not made his distribution. But whatever might have been done at that time, the plaintiff is now too late.

The order is reversed, with ten dollars costs and printing disbursements.

LANDON and MAYHAM, JJ., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.