ANNA C. KLEY, Appellant, *v.* JOHN W. HEALY, Impleaded, etc., Respondent.

Where the complaint is dismissed on the opening of plaintiff's counsel on trial, and upon appeal the opening does not appear in the appeal-book, it will be presumed to have comprised in substance, the allegations of the complaint, and it may not be assumed, even to support a judgment on appeal, that the opening contained either a fatal admission or anything inconsistent with the complaint.

Any offer of proof also made in connection with the opening, unless objected to as inadmissible under the pleadings, is to be regarded as part thereof.

A complaint that sets forth successful deception intentionally practiced by the defendant upon the plaintiff, to his injury, alleges a good cause of action.

Even if reliance is placed upon promises of the defendant as well as upon his false representations, still a cause of action for fraud may be maintained, provided the representations had a material effect in accomplishing the deception; it is not necessary that they should be the sole inducing cause.

One who attempts to rescind a contract on the ground of fraud is not required to restore that which in any event he would be entitled to retain, either by virtue of the contract sought to be set aside or of an original liability.

In an action to procure the cancellation of the satisfaction of a judgment the complaint alleged the recovery of the judgment against defendant

H., which was a lien upon certain lands owned by him; that plaintiff was induced to satisfy the same and countermand an execution issued thereon, without receiving any consideration therefor, by false and fraudulent representations of H. made with intent. to deceive, to the effect that he was a member of a mercantile firm having a lucrative interest therein, and, having been misled thereby, she consented to comply with his request on condition that he would pay her attorney his fees in said action, which he did, and, upon his promise to pay the judgment; that H. failed to pay, and had no property except said lands. There was no averment of a return or of a tender back of the money paid by defendant. Upon the opening by plaintiff's counsel on the trial a motion was made to dismiss the complaint on the ground that it did not state a cause of action ; plaintiff's counsel thereupon offered to prove that she was misled by H.'s representations and induced thereby to execute the satisfaction and release as alleged in the complaint, and that such representations were false. This offer was excluded, although no objection was made to it by defendant. The motion to dismiss was granted " on the opening,  *  *  *  and on the ground that the complaint did not state facts sufficient to constitute a cause of action." *Held*, error; that while the sum paid by the defendant should be taken into account in the award of relief, an offer to restore it was not a condition precedent to bringing the action.

(Argued June 19, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made May 9, 1889, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This was an action to procure the cancellation of a satisfaction of a judgment upon the ground that it was obtained by fraud and for other relief.

The material facts appear in the opinion.

*Hector M. Hitchings* for appellant. The ground upon which the General Term placed its affirmance of the judgment cannot be sustained. (*Nearing* v. *Bell*, 5 Hill, 290; *Linde* v. *Bensel*, 22 Hun, 601; *Sheridan* v. *Jackson*, 72 N.Y. 170; *Leonard* v. *Beaudry*, 13 West, 61; *Clews* v. *N. Y. Bank*, 105 N. Y. 398; Abbott's Trial Brief, 40, 41 ; *Stewart* v. *Hamilton*, 18 Abb. Pr. 298; 3 Wait's Pr. 113–115; *Ayrault* v. *Chamberlain*,

33 Barb. 229 ; *Elwell* v. *Chamberlain,* 31 N. Y. 614; *Fountain* v. *Pettee,* 38 id. 184 ; *Castle* v. *Duryea,* 32 Barb. 480 ; *Binse* v. *Wood,* 37 N. Y. 526; *Isham* v. *Davidson,* 52 id. 237 ; *Adams* v. *G. Ins. Co.,* 70 id. 166 ; *Halpin* v. *P. Ins. Co.,* 118 id. 165, 171 ; *Reese* v. *Boese,* 92 id. 632 ; *Porter* v. *Smith,* 107 id. 531, 533.) Courts of equity will always interpose to grant relief where settlements, contracts, agreements and even judgments have been obtained by means of fraud, misrepresentations and deceit. (*State of Michigan* v. *P. Bank,* 33 N. Y. 25 ; Story's Eq. Juris. §§ 191, 192 ; *Dobson* v. *Pearce,* 12 N. Y. 156 ; *People* v. *Eddy,* 57 Barb. 594, 603 ; *Baker* v. *Spencer,* 47 N. Y. 562 ; *Brown* v. *Post,* 1 Hun, 303 ; *Ross* v. *Ross,* 6 id. 83, 84 ; *Hardt* v. *Schulting,* 85 N. Y. 625 ; *I. & T. Bank* v. *Everett,* 21 N. Y. S. R. 98, 102.) The complaint contains all the allegations necessary to a recovery in an action of this nature. (*Arthur* v. *Griswold,* 55 N. Y. 400, 410 ; *Brackett* v. *Griswold,* 112 id. 454 ; *Thomas* v. *Beebe,* 25 id. 244.) Plaintiff was under no obligation before suit brought, to return the defendant the moneys paid by him to plaintiff's attorney, nor to tender the same in her complaint. (*Guckenheimer* v. *Angevine,* 81 N. Y. 394, 397 ; *Wood* v. *Hunt,* 38 Barb. 303 ; *Davis* v. *Leopold,* 87 N. Y. 620 ; *U. N. Bank* v. *Warner,* 12 Hun, 306, 309 ; *Masson* v. *Bovet,* 1 Den. 69 ; *Hammond* v. *Pennock,* 61 N. Y. 145 ; *I. & T. Bank* v. *Everett,* 21 N. Y. S. R. 98, 100; *Vail* v. *Roberts,* 118 N. Y. 302 ; *Hay* v. *Hay,* 13 Hun, 315 ; *Benson* v. *Perry,* 17 id. 19 ; *Fisher* v. *Bishop,* 36 id. 112 ; 108 N. Y. 25, 30 ; *Ross* v. *Ross,* 36 Hun, 642 ; 107 N. Y. 683 ; *Allerton* v. *Allerton,* 50 id. 670 ; *Pearse* v. *Pettis,* 47 Barb. 276, 285 ; *Myers* v. *King,* 48 Hun, 112 ; *Schoonmaker* v. *Kelly,* 42 id. 301.) The false and fraudulent representations are abundantly sufficient to sustain the action. (*Whiteside* v. *Hyman,* 10 Hun, 218, 220 ; *People* v. *Haynes,* 14 Wend. 546, 555 ; *Richardson* v. *Trimble,* 38 Hun, 409, 416 ; *Greene* v. *Hallenbeck,* 24 id. 116.) There is no *laches* on the part of the plaintiff. (*Baker* v. *Lever,* 67 N. Y. 304 ; *Bosley* v. *N. M. Co.,* 6 N. Y. Supp. 4, 7.)

*Christopher Fine* for respondent. There was nothing before the General Term and there is not now anything before the Court of Appeals upon which to predicate an appeal or upon which the judgment could or can be disturbed. (*Porter v. Smith*, 35 Hun, 118; *Dalzell v. Raw*, 1 T. & C. 14; *Beard v. Yates*, 1 id. 21; *Perine v. Hotchkiss*, 2 id. 370; 59 N. Y. 649; *Parsons v. Coburn*, 2 T. & C. 324, 329; *Higbie v. Heath*, 3 id. 383; *Howland v. Howland*, 20 Hun, 472; *Cornish v. Graff*, 36 id. 162; *S. O. Co. v. T. Ins. Co.*, 64 N. Y. 85; *Tracy v. Altmeyer*, 46 id. 598, 604; *Abbleby v. E. C. S. Bank*, 62 id. 12, 18; *Philip v. Gallant*, 62 id. 256, 265; *Carman v. Puetz*, 21 id. 547; *Brient v. Trimmer*, 47 id. 96; *Smith v. Newland*, 9 Hun, 553, 554.) It is ordinary practice to dismiss a complaint on the opening of the plaintiff's attorney or counsel, when he undertakes to state all the facts, as was done in the case at bar, upon which the plaintiff relies, and upon which alone such plaintiff rests the supposed cause of action, if such statement shows that the plaintiff has no cause of action. (*Tooker v. Arnoux*, 76 N. Y. 397; *Scofield v. Whitelegge*, 49 id. 259; *Coffin v. Reynolds*, 37 id. 640.) The complaint does not state facts sufficient to constitute a cause of action, and should have been dismissed. (*Farrington v. Ballard*, 40 Barb. 513, 516; *Tracy v. Hacker*, 51 How. Pr. 69–71; *Fisher v. N. Y. C. P.*, 18 Wend. 608, 609, 610; *Cobb v. Hatfield*, 46 N. Y. 533, 535, 536, 537; *Nassau v. Basel*, 1 Den. 69; *Meyer v. Shoemaker*, 5 Barb. 319; *M. Co. v. Bently*, 18 id. 641; *Wheaton v. Baker*, 14 id. 594; *Fisher v. Fredenhall*, 21 id. 82; *Farrell v. Corbett*, 4 Hun, 128; *Sinclair v. Mill*, 1 id. 80; *Gould v. C. C. N. Bank*, 86 N. Y. 81; *Allerton v. Allerton*, 50 id. 670.)

VANN, J. Upon the trial of this action the complaint was dismissed "on the opening of the plaintiff's attorney and on the ground that the complaint did not state facts sufficient to constitute a cause of action." The appeal-book, however, does not disclose what was said in opening the case, but certain "offers to prove," made in behalf of the plaintiff, apparently

as a safe-guard against the motion to dismiss, are specifically set forth.

It has recently been held by this court that "where a complaint is dismissed on the opening of counsel, all the facts referred to in his opening, or offers of proof, should be considered, including facts not stated in the complaint, unless objection to proof of such additional facts is made on the specific ground that it is not admissible under the pleadings." (*Clews* v. *Bank of New York National Banking Association*, 105 N. Y. 398, 404.)

This court has also held that where, after the plaintiff has opened his case, the complaint is dismissed on the ground that it states no cause of action, it must be treated on appeal as if it had been demurred to and that the sole question to be considered is whether it sufficiently states a cause of action. (*Sheridan* v. *Jackson*, 72 N. Y. 170, 172.) In the Supreme Court the practice has been laid down by the learned judges of the General Term in the first department, as follows: "There is no finding of facts or conclusions of law in the court below; no part of the opening of counsel is given; the dismissal of the complaint must, therefore, be regarded as made upon the ground that the complaint does not state facts sufficient to constitute a cause of action, because we must assume that the counsel in his opening stated substantially the same facts alleged in the complaint." (*Linde* v. *Bensel*, 22 Hun, 601.)

The opening in behalf of the plaintiff is a brief statement of the nature of the action, the issues to be tried and the facts that he expects to prove. (*Tisdale* v. *President, etc.*, 116 N. Y. 416, 419; *Elwell* v. *Chamberlin*, 31 id. 611, 614; *Ayrault* v. *Chamberlain*, 33 Barb. 229, 233.) As the proof must conform to the pleadings, it is reasonable to presume that when such statement is not set forth in the appeal-book it followed the pleading under which it was made. It cannot be assumed, even to support a judgment on appeal, that the opening contained either a fatal admission or anything inconsistent with the allegations of the complaint, as that would be opposed to its nature and a departure from the usual practice.

We think that where the opening of the plaintiff does not appear in the appeal-book, it should be presumed to comprise the substance of the complaint, and that any offer to prove made in connection with the opening, unless objected to as inadmissible under the pleadings, should also be regarded as a part thereof.

The substance of the complaint in question is that the plaintiff, having recovered a judgment against the defendant Healy that was a lien upon certain lands belonging to him, was induced to satisfy the same and countermand an execution issued thereon by the false and fraudulent representations made to her by said Healy with intent to deceive; that he was a member of a certain mercantile firm carrying on business in the city of New York and had a lucrative interest therein that would soon enable him to pay said judgment, and that if the recovery of said judgment became known to his copartners they would dissolve the firm, eject him from the business and entail upon him financial ruin. She further alleged that being misled by such misrepresentations, she "consented to comply with his request upon condition that he would pay her attorney his fees in said action, which he did," and that "relying upon the truth of said representations and trusting to his promises to pay said judgment," she gave him "a general release and satisfaction" of the same "without receiving any consideration therefor whatsoever;" that Healy failed to pay and had no property, except his interest in said premises. She demanded that the release and satisfaction be canceled and the judgment restored as a valid lien with leave to issue execution to enforce the same against said Healy. Upon the trial, after the motion to dismiss was made, the counsel for the plaintiff offered to prove that she "was misled by these false representations and thereby induced to execute the satisfaction piece and the release as alleged in the complaint, and that at the time these representations were made Healy was not interested in said firm, and that those allegations made by him were false." No objection was made by the defendant to the offer to prove, but the court did not permit the proof to be given and an exception was taken

to the ruling.     When the complaint and offer are construed together, according to the rule already announced, every fact appears that is essential to a cause of action to set aside a written instrument upon the ground that it was procured by fraud.     Those facts, briefly stated, are that the plaintiff was induced to sign the paper in question by false statements made to her by the defendant with intent to deceive.     A complaint that sets forth successful deception intentionally practiced by the defendant upon the plaintiff to his injury, alleges a good cause of action, according to all the authorities.     (*Brackett* v. *Griswold*, 112 N. Y. 454, 467 ; *Arthur* v. *Griswold*, 55 id. 400, 410 ; *State of Michigan* v. *Phœnix Bank*, 33 id. 9, 25.)

Even if reliance is placed upon the mere promises of the defendant, as well as upon his false representations, still a cause of action for fraud may be maintained, provided the representations had a material effect in accomplishing the deception. (*Addington* v. *Allen*, 11 Wend. 375 ; *Shaw* v. *Stine*, 8 Bosw. 157 ; *Matthews* v. *Bliss*, 22 Pick. 48 ; Cooley on Torts, 502.) It is not necessary that they should be the sole inducing cause. The cases cited by the defendant to the effect that fraud cannot be founded solely upon a promise not performed, even if the promisor never intended to fulfill, are, therefore, not applicable.

The main ground upon which this appeal is resisted is the failure to allege any return or tender of the money paid by the defendant to the attorney for the plaintiff in the former action.     Even if this point were otherwise tenable, it is doubtful whether it could be successfully taken here, because the motion to dismiss was not based upon that ground, and even if it had been, the defect, if any, might have been cured by amendment.     A more satisfactory answer, however, may be found in the principle that one who attempts to rescind a transaction on the ground of fraud is not required to restore that which in any event he would be entitled to retain either by virtue of the contract sought to be set aside, or of the original liability.     (*Fisher* v. *Bishop*, 108 N. Y. 25, 30 ; *Gould* v. *Cayuga Co. Nat. Bank*, 86 id. 75, 81 ; *Gucken-*

*heimer* v. *Angevine*, 81 id. 394 ; *Allerton* v. *Allerton*, 50 id. 670 ; *Nichols* v. *Michael*, 23 id. 264 ; *Imp. & Trad. Bank* v. *Peters*, 21 N. Y. S. R. 98, 102 ; 123 N. Y. 273 ; *Pierce* v. *Wood*, 23 N. H. 519, 534 ; *Hay* v. *Hay*, 13 Hun, 315.)

While the sum retained should be taken into account in the award of relief, an offer to restore it is not a condition precedent to the bringing of an action to set aside the fraudulent release. Assuming, as we do, for the purpose of this appeal, that all the allegations of the complaint are true, the plaintiff would be entitled to retain the costs that she indirectly received, whatever might be the result of her action for a rescission. (*Vail* v. *Reynolds*, 118 N. Y. 297, 302.) If her action failed, she was entitled to the sum received by virtue of the transaction itself. If she succeeded, the sum was less than she was concededly entitled to by the original judgment. In any event, therefore, she had only that which, without dispute, belonged to her, and a restoration, or the offer thereof, was unnecessary prior to the commencement of the action, for such conditions as might be essential to the protection of the defendant could be inserted in the judgment ultimately rendered.

For these reasons, we think that the court below erred in its disposition of the case, and that the judgment appealed from should be reversed and a new trial granted, with costs to abide the final award of costs.

All concur.

Judgment reversed.