### MARSHALL v. WENDELL et al.

(Supreme Court, Appellate Division, Third Department.   November 15, 1899.)

PARTIES—MOTION TO MAKE RECEIVER PARTY—CLAIM AGAINST CORPORATION IN HANDS OF RECEIVER—RENEWAL OF MOTION.

>      The stock of a corporation was returned to it after issuance.  Thereafter this suit was brought against the company and one W., by one of its stockholders, for the return of such stock, and for separate relief against W., but charging no wrong against the company, nor challenging its rightful custody of the stock.  This suit was allowed to become stale. Afterwards the company was declared insolvent, and a receiver appointed. The receiver reported assets not sufficient to meet liabilities.  After the insolvency, a motion was made by plaintiff in this action to make the receiver a party thereto.  *Held*, that since plaintiff's only cause of action of practical value is for the separate relief against defendant W., and since she can present her claim against the company to the receiver for allowance, the company's stock having become valueless, no useful purpose will be promoted by making the receiver a party, and, if it should hereafter appear that there are assets applicable to the payment of stockholders, and the necessities of the case demand it, leave to renew the motion can be asked for.

Appeal from special term, Albany county.

Appeal by Edward N. McKinney, receiver of the Marshall & Wendell Pianoforte Company, Limited, from an order of the Albany special term making him a party to the action of Eliza D. Marshall, executrix, etc., of John D. Marshall, against Harvey Wendell and the Marshall & Wendell Pianoforte Manufacturing Company, Limited.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Learned Hand, for appellant.

Edward J. Meegan, for respondent.

LANDON, J.   This action was commenced and the complaint served in 1889.   The complaint states that Marshall and Wendell, in May, 1882, were partners in the manufacture and sale of pianos, with firm property and assets worth $50,000 in excess of their liabilities; that, as between themselves, Marshall was entitled to the whole thereof and Wendell to none; that they then, with three others, organized the corporation, the defendant the Marshall & Wendell Pianoforte Company, Limited, with a capital stock of $100,000, and the firm sold all their firm property and assets to the company for said capital stock, and received the same in payment; that, at some time not stated, nearly all of said stock was returned to the company, for what purpose or upon what terms is not stated; and that the defendant Wendell, in order to cheat the plaintiff, caused some of the shares of the stock to be issued to persons not entitled thereto;

that the company now holds many shares thereof, to which the plaintiff is entitled. The complaint asks an accounting of the partnership business, and of the interests of the respective partners therein, and that the defendant Wendell pay the plaintiff whatever shall be found due to her, and that the company issue to her the proper number of shares of its capital stock, and for a receiver. No answer was ever served, but the case was placed upon the trial calendar of the court with the understanding that the answer should be served later. It was stricken therefrom several years ago. The corporation was dissolved in April, 1898, because of its insolvency, in an action brought by the attorney general in the name of the people, and the appellant made receiver. The receiver, as reported by a referee appointed in the attorney general's action, has realized upon all the known assets of the company the sum of $83,436.39. The liabilities are $128,304.37, leaving a deficit of $44,867.98.

The complaint charges the company with no wrong. The company was, when the action was commenced, the custodian, in some unstated character,—certainly not alleged or shown to be wrongful, —of most of the capital stock. The complaint alleges the plaintiff's right to it, but states no facts constituting the right, or challenging the company's rightful custody of it. Whether the complaint states facts sufficient to constitute a cause of action against the company may be doubted. Sheridan v. Jackson, 72 N. Y. 170; Knapp v. City of Brooklyn, 97 N. Y. 520. If the complaint should be amended, as the order appealed from permits, by alleging plaintiff's demand that the company issue to her the stock, and the company's refusal, the complaint would remain barren of facts showing the refusal to be wrongful. The stock is now worthless, and, even if damages were recoverable for the refusal to issue it to the plaintiff, they would be nominal.

If the plaintiff has any cause of action of practical value, it is against the defendant Wendell. He is not alleged to be insolvent. The purpose of making the company a party was to obtain, through it, the shares of stock to which the plaintiff, as between her and Wendell, was entitled, and thus to obtain satisfaction of her demand against Wendell. The insolvency of the company defeats that method of satisfaction. It is useless to revive a contest to obtain in specie what time and vicissitude have destroyed. If the receiver should sell this stock, and bring the proceeds into court to the credit of this action, the nominal six cents would not be realized.

The receiver is an officer of the court, charged with the duty of administering upon the estate of the defunct corporation. It is the policy of the law, in order to expedite the administration, avoid excessive expense, and secure uniformity in remedies and equality in rights among creditors, to bring all claimants against the estate into the common forum, which will be provided, if necessary, in the action itself in which the corporation is dissolved and the receiver appointed. Code Civ. Proc. § 1806; 2 Rev. St. p. 469, § 73; Sands v. Kimbark, 27 N. Y. 147; Rinn v. Insurance Co., 59 N. Y. 143; Austin v. Rawdon, 42 N. Y. 155; In re Harmony Fire & Marine Ins. Co., 45 N. Y. 310; Phœnix Foundry & Machine Co. v. North River

Const. Co., 33 Hun, 156. The plaintiff can present her claim to the receiver and prosecute it in such forum. Cases may arise, as is suggested in Owen v. Kellogg, 56 Hun, 455, 10 N. Y. Supp. 75, in which, under leave of the court, it may be expedient that the rights of the parties be determined in a separate action, and that the receiver be brought in.

It is not perceived that any useful purpose will be promoted by reviving against the receiver this action, the cause whereof is so obscure and insufficiently stated, which has become stale through age and neglect, whose subject-matter has perished, and for which, if these infirmities be not insuperable, another remedy and forum exist. It will subject the receiver—that is, the creditors of the estate—to expense, and will delay the administration. If it shall hereafter appear that the receiver has assets applicable to payment to stockholders, and that it is impracticable for the plaintiff and the defendant Wendell to ascertain their rights as between themselves without his presence as a party in their action, leave to renew this motion could be asked for.

The order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.