TRAVELERS PROTECTIVE ASSOCIATION OF AMERICA V.
A. O. DEWEY ET AL.

Decided February 3, 1904.

**1.—Benefit Society—Cancellation of Membership.**

The constitution of a benefit society, giving its directors authority to cancel a membership when deemed advisable by them, entered into the contract of insurance with a member, and he could not compel reinstatement by mandamus when, on account of increased risk caused by loss of an eye, his membership had been so canceled.

**2.—Same—State Law.**

The laws of the State under which a benefit society was created authorizing the expulsion of a member in certain named contingencies did not restrict the right of its directors, secured by its own constitution, to cancel memberships in other events than those named in the law.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

The Travelers Protective Association appeals from a judgment for plaintiffs in a suit brought against it by Dewey and another.

*Clark & Bolinger* and *Coke & Coke,* for appellant.

*L. C. Penry* and *Boynton & Boynton,* for appellee.

FISHER, CHIEF JUSTICE.—A. O. Dewey being formerly a member of appellant's order, there was issued a benefit certificate payable to his daughter Lillian A. Dewey, the other appellee in this case. Prior to September 5, 1902, the membership of Dewey was canceled by the appellant. Thereafter this suit was brought by him in the nature of a mandamus to reinstate said Dewey and recognize his membership. Judgment in favor of Dewey and daughter was rendered in the court below, reinstating him as a member in appellant's order.

On the point upon which the case is decided, there is no dispute as to the facts. It appears that the appellant is a fraternal and benevolent organization, one of its principal objects being to provide insurance and benefit funds to its members. Dewey, in becoming a member of the association, subscribed to its constitution, the terms of which became a part of his contract of membership. After the certificate of membership was issued to him, he suffered the loss of an eye, which rendered him a more hazardous risk. Thereafter the board of directors, in the manner prescribed by the constitution of the order, canceled Dewey's certificate of membership for the reason that he had become, from the loss of his eye, a more hazardous risk.

The constitution of the order authorized the directors to cancel any membership, if deemed advisable by them. It was in pursuance of this provision of the constitution of the order that the certificate of membership of Dewey was canceled. There are other provisions of the constitution. as well as the laws of the State of Missouri, which authorize the

expulsion of a member when he is guilty of any felonious or indictable offense or gross misdemeanor, habitual drunkenness or violations of any of the conditions of agreements which he may accept as a member of the association, or conduct unbecoming a gentleman and member of the association.

The trial court evidently concluded that the method here provided for expulsion was exclusive, and that once a member, the certificate could not be canceled, except as that result could be reached from expelling a member under the provisions of the Constitution and laws of Missouri, as quoted. We are not prepared to agree with the trial court to this extent, for, in our opinion, the other provisions of the constitution that authorize cancellation of membership or certificate of membership, when deemed advisable for the interest of the order, does not conflict with that provision of the Constitution and laws of Missouri that provide for expulsion. The clause in the constitution that permits cancellation of membership by the board of directors, is a part of the contract subscribed to by the member when he enters the order; he has expressly agreed that his membership may be canceled when deemed advisable by the directors. As is apparent from the undisputed facts in the record, the increased hazard or risk, by reason of the loss of an eye, was a fact that authorized the directors to exercise their judgment in determining that appellee's membership should be canceled.

For the reasons stated, the judgment is reversed and rendered in favor of appellant.

*Reversed and rendered.*

On petition of appellees, Dewey et al., writ of error was refused by the Supreme Court, April 7, 1904.