(50 Misc. Rep. 300)

### LANDESMAN v. HAUSER.

(Supreme Court, Appellate Term. April 24, 1906.)

DISMISSAL—GROUNDS—DEFECTS IN COMPLAINT—EXTRINSIC MATTER—PLEADING —SPEAKING DEMURRER.

A complaint alleged that plaintiff, on leasing premises of defendant, deposited a sum of money as security for the performance of the terms of the lease, that the lease had terminated, and that plaintiff had been in default to a certain amount, and judgment was demanded for the balance of the deposit. No terms were alleged, except the payment of a certain rental. The answer alleged that the lease contained other covenants with which plaintiff had failed to comply. *Held*, that an order dismissing the complaint for insufficiency of substance was erroneous, as the question was the same as if it had arisen on demurrer to the complaint, and the determination involved a resort to matter extrinsic to the pleading demurred to.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Dismissal and Nonsuit, § 137.]

Appeal from City Court of New York. Trial Term.

Action by William Landesman against Bella Hauser. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

See 91 N. Y. Supp. 6.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Ignace I. Apfel, for appellant.

Lynn W. Thompson, for respondent.

BISCHOFF, J. These appeals are from an order dismissing the complaint at the trial for insufficiency of substance, from the judgment for the defendant which was entered upon the dismissal, and from an

order denying the plaintiff's motion for a new trial. Obviously, the question presented for our determination is precisely the same as if it had arisen upon a demurrer to the complaint. Sheridan v. Jackson, 72 N. Y. 170. The action was to recover the sum of $500, alleged to have been deposited with the defendant as security for the plaintiff's performance, as lessee, of the terms of a lease which was entered into between the parties, after first deducting therefrom $80 for arrears of rent, which the plaintiff admitted to be due and owing the defendant. The complaint alleges the letting by the defendant to the plaintiff of certain premises in the city of New York, in consideration of which the plaintiff had agreed to pay a yearly rental in equal monthly installments in advance, and that at the time of the making of the lease he had deposited with the defendant the sum of $500 as security of the performance upon his part of "the terms of said lease"; the defendant having agreed at the same time to repay the sum so deposited upon the expiration of "the said lease." No other conditions of the lease than such as appear from the above recital are stated. The complaint then proceeds further to allege that the lease was terminated by the issuance of a warrant upon a final order for the lessor defendant in summary proceedings to recover possession of the demised premises for nonpayment of rent (section 2253, Code Civ. Proc.), and that there was due and owing the defendant at the time $80 for arrears of rent. Then followed a demand for judgment in the sum of $420. So far as the complaint showed, the lease was complete as alleged, and the only "terms" with which the plaintiff had to comply was the payment of the rent reserved in the manner specified. In this he admitted his default, asserting the rent remaining unpaid at the time of the termination of the lease to have been $80. Prima facie, therefore, the plaintiff was entitled to repayment of the sum demanded, and so far the complaint must be deemed to have stated a cause of action. True, the answer asserted that the lease contained further covenants and conditions with which the plaintiff had agreed to comply, and for which compliance, also, the sum deposited was to be security, and we apprehend the learned justice below fell into the error of resorting to matter extrinsic to the pleading demurred to, and was thereby persuaded as to the actual text of the lease, from which he concluded that the complaint was insufficient, in that it did not allege compliance upon the plaintiff's part with terms other than such as were alleged, and upon which compliance the plaintiff's right to repayment of the deposit was dependent. The rule governing demands for insufficiency of the matter pleaded is very concisely stated in 6 Am. & Eng. Encyc. of Pl. & Prac., at page 298. "A speaking demurrer—that is, a demurrer which is founded on matter collateral to the pleading against which it is directed—is bad," and "when a pleading is demurred to, resort cannot be had to other pleadings for the purposes of supporting or resisting the demurrer, but the demurrer must prevail or fall by the face of the pleading to which it is directed."

The judgment and orders appealed from should be severally reversed, with costs to the appellant to abide the event, and a new trial ordered.

SCOTT, P. J., concurs.

TRUAX, J. (concurring). It is alleged in the complaint that the defendant leased to the plaintiff certain premises at a certain yearly rental, payable in equal monthly installments, and that the plaintiff upon execution and delivery of the lease deposited with the defendant the sum of $500, security for the fulfillment of the terms of said lease, "said sum to be repaid to the plaintiff at the expiration of the said lease"; that the defendant instituted summary proceedings against the plaintiff; that a final order was duly made, awarding to the defendant possession of the premises described in the complaint; that the usual warrant was duly signed and issued; that the plaintiff removed from said premises, and possession of said premises was restored to the defendant, and the said lease was duly canceled; and that $80 rent was due to the defendant from plaintiff at the time said lease was canceled, and this action is brought to recover the difference between said $80 and the sum of $500, as security deposited, as aforesaid, with said defendant.

I am of the opinion that the complaint does state a cause of action. The lease expired when the defendant took possession of the premises, and all that defendant was entitled to was to retain the amount of the rent that was due from the plaintiff at the time the defendant took possession of the premises. See Scott v. Montells, 109 N. Y. 1, 15 N. E. 729. The only "terms of said lease" the complaint showed that the plaintiff was bound to fulfill was the one relating to the payment of rent, and why the rent was not paid is set forth in the complaint.

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event.