JONES v. COMMERCIAL TRAVELERS' MUT. ACCIDENT ASS'N OF AMERICA.

(Supreme Court, Special Term, Kings County. December, 1908.)

1. INSURANCE (§ 603*)—ACCIDENT POLICY—RELEASE—SETTING ASIDE.
   Where a release from liability under an accident policy, is shown to have been procured by fraud, the mere fact that insured has not tendered back the consideration of the release is of no importance; the amount due him under the policy being greater than what he has received.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 603.*]

2. INSURANCE (§ 603*)—ACCIDENT POLICY—RELEASE.
   That an accident insurance company made a hard bargain with insured in procuring a release from liability under his policy is in itself no reason for setting aside the release, in the absence of fraud.
   [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 603.*]

3. FRAUD (§ 16*)—CONCEALMENT OF FACTS.
   Where parties deal at arm's length, failure by one party to disclose what he knows does not ordinarily constitute fraud.
   [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 15; Dec. Dig. § 16.*]

4. FRAUD (§ 13*)—FRAUDULENT REPRESENTATIONS.
   If statements, however literally true, were calculated to mislead, they were as fraudulent as if they were false.
   [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 3; Dec. Dig. § 13.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. INSURANCE (§ 603*)—ACCIDENT POLICY—RELEASE—SETTING ASIDE.

Where the medical examiner and claim adjuster of an accident insurance company knew that insured had been permanently disabled, which insured did not, he believing that his disablement was only temporary, and sought him out and obtained a release from liability from him on the basis that he had been but temporarily disabled, insured is entitled to rescind the release and recover the full amount under the policy for permanent disablement.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 603.*]

6. INSURANCE (§ 228*)—ACCIDENT POLICY—CANCELLATION—ESTOPPEL.

Notwithstanding an accident policy provided for a cancellation at the option of the insurer, the insurer is estopped to cancel the policy after injury to insured on the ground that he had become an extrahazardous risk, where the injury itself rendered the risk more hazardous.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 228.*]

Action by Henry T. Jones against the Commercial Travelers' Mutual Accident Association of America. Judgment directed for plaintiff.

William A. Wight, for plaintiff.
Stern, Singer & Barr (Henry B. Singer, of counsel), for defendant.

CARR, J. If the plaintiff has made out his cause of action to set aside his release as procured by fraud upon him, the mere fact that he has not tendered back the consideration of the release is of no importance, as what is coming to him is much greater than what he has received. Kley v. Healy, 127 N. Y. 555, 28 N. E. 593; Fisher v. Bishop, 108 N. Y. 25, 15 N. E. 331, 2 Am. St. Rep. 357.

It is quite obvious that the defendant, through the plaintiff's release, made a hard bargain with him. This in itself would be no reason in law or equity for setting aside the release, unless there was fraud or active concealment on the part of the defendant's agents in procuring the instrument. Where people deal at arm's length, failure on the part of one party to disclose what he knows does not ordinarily constitute fraud. Graham v. Meyer, 99 N. Y. 611–614, 1 N. E. 143; Dambmann v. Schulting, 75 N. Y. 62. Here the plaintiff was a member of a mutual insurance association, which had contracted to pay him $25 a week for 100 weeks if he should become permanently incapacitated by accidental injury, or $25 a week for temporary incapacity from the same cause. He was injured, as he believed, temporarily; and he made his claim accordingly. The defendant knew that his injury consisted of an aneurism of the abdominal aorta, and that he was irreparably damaged and thereafter exposed to the likelihood of sudden death from any jar or accident that might cause a rupture of the aneurism. For a commercial traveler this was in substance a permanent disability, for the nature of such an occupation under these circumstances rendered its further continuance a matter of very serious hazard. The plaintiff did not know his true condition, as his attending physician concealed the facts from him through false mercy. The defendants, however, sent out their medical examiner and their claim adjuster to procure a settlement of the plaintiff's claim, fortified with a draft or check already signed, but with the amount blank. They hunted up the plaintiff, as he was moving from his house to a new resi-

*For other cases see same topic & §.NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dence. He says they told him that he would be all right again in about six weeks; while they say they told him that he never would be a well man again, but could do some work shortly. There was due him at the time $275 for past-due benefits. For $500 he released them for the past and future, thus giving up $2,000, if he were actually permanently disabled. If his story be true, he was grossly deceived. If the defendants' proofs be accepted, the plaintiff was overreached in fact, even if he be remediless under the circumstances. It seems to me apparent that the defendants' agents were quite eager to close with him then and there. They had sought him out; not he them. They knew his condition. He did not.

Assuming that they were not bound to speak, yet they spoke at their peril. If their statements to him, however literally true, were calculated to mislead him as to the truth on the question of his permanent disability, their words were as fraudulent as if they spoke falsehoods. 9 Cyc. 411. The effect was the same. Apparently the whole negotiation at the time of the settlement was conducted on the basis that the plaintiff was but temporarily disabled, while the defendants' agents knew to the contrary. They had not even the excuse of loyalty to their principal, as they had received express instructions from the defendant not to press the plaintiff too hard in the negotiations. I think the plaintiff is entitled to a recission of the general release and to a recovery of the sum of $2,000 as the balance due under the original contract.

As to the plaintiff's further claim for a setting aside of the defendants' act in canceling the original agreement of insurance on the ground that he had become an extrahazardous risk, I think he must likewise prevail. Although the policy provides for a cancellation of the instrument at the option of the insurer, the defendant was estopped from such cancellation after the injury to the insured, which in itself rendered the risk more hazardous. Mutual Benefit Life Ins. Co. v. Robison (C. C.) 54 Fed. 580; Home Ins. Co. v. Heck, 65 Ill. 111; Lipman v. Niagara Ins. Co., 121 N. Y. 460, 24 N. E. 699, 8 L. R. A. 719.

Judgment is directed for the plaintiff accordingly. Settle findings on notice.