Louis Friedman, Plaintiff, *v.* Connecticut General Life Insurance Company, Defendant.

First Department, May 28, 1937.

*Isidor Mates*, for the plaintiff.

*John Kirkland Clark* of counsel [*Ganson J. Baldwin* and *John Kirkland Clark, Jr.*, with him on the brief; *Clark & Baldwin*, attorneys], for the defendant.

O'Malley, J. The issue to be decided is whether the defendant insurance company was entitled to cancel an accident policy as to future coverage while the plaintiff, the insured, was recovering from injuries sustained in an accident and for which he had received a lump sum settlement of $2,000, on his executing a general release to the defendant for any further liability growing out of the accident.

The policy in question was a renewal of substantially similar policies issued to the plaintiff by the defendant beginning in the year 1928. It covered the plaintiff until April, 1937. In 1933 the plaintiff sustained an ankle injury under one of the previous policies for which he also received full settlement.

On May 5, 1936, plaintiff suffered an accident resulting in a fractured shoulder. He elected to take his benefits in a lump sum, rather than by weekly payments, and received on June 5, 1936, the payment of $2,000.

On June 9, 1936, the defendant served written notice of cancellation of the policy upon the plaintiff and tendered to him a refund of the unearned portion of the premium which was accepted without objection or protest. The plaintiff then endeavored to procure other accident insurance but failed.

On June 27, 1936, the plaintiff, still suffering from the injuries, the claim for which had been settled, was again injured, sustaining a fractured ankle. On July 16, 1936, for the first time the plaintiff, in a letter to the defendant, protested against the cancellation through his attorney, who claimed that the cancellation was ineffective prior to a complete recovery from the first injuries.

We are of opinion that judgment should be directed for the defendant. Whether the plaintiff by his conduct as above stated waived any right to object to the cancellation of the policy or is estopped, we need not, and do not decide.

The policy in question as authorized by the provisions of section 107, subdivision (d), paragraph (1), clause 16, of the Insurance Law, contained the following clause:

" 16. The Company may cancel this Policy at any time by written notice delivered to the Insured or mailed to his last address as shown by the records of the Company, with cash or the Company's check for the unearned portion of the premiums actually paid by the Insured, and such cancellation shall be without prejudice to any claim originating prior thereto."

The Court of Appeals long ago held that where, as here, a policy of insurance contained a broad provision for its cancellation at the option of the company, the latter might cancel without any cause (*Inter. Life Ins. Co.* v. *Franklin Fire Ins. Co.*, 66 N. Y. 119, 123, 124.) It was stated: " It may do so from mere caprice, * * *. The exercise of this option is not made to depend, expressly or by implication, upon any change in the risk, or upon a knowledge of any fact acquired after the making of the insurance, or upon any change in the circumstances or condition of the insured or the insurers or of the premises. The motive, or the sufficiency of the cause for the exercise of this option and election are not to be passed upon by any tribunal, but the will of the company and its election must stand for the reason of its action, and is cause for terminating the risk."

The second accident suffered by the plaintiff was not imminent, much less foreseeable, at the time of the cancellation. The situation,

therefore, is not within the purview of those authorities which hold that a fire insurance company policy cannot be canceled while a building covered by the insurance stands in the path of a present fire, such as *Lipman* v. *Niagara Fire Ins. Co.* (121 N. Y. 454). This right of absolute cancellation under provisions such as here found has also been upheld in other jurisdictions. (*Treadwell* v. *International Travelers' Assur. Co.,* [Tex.] 60 S. W. [2d] 536; *Travelers' Protective Assn.* v. *Dewey,* [Tex.] 78 S. W. 1087.) The case relied upon by the plaintiff, *Jones* v. *Commercial Travelers' Mut. Acc. Assn. of America* (114 N. Y. Supp. 589; affd., 134 App. Div. 936; modfd., 201 N. Y. 576), is not in his favor. In that case the Court of Appeals, while sustaining plaintiff's right to recover because of defendant's fraud in a prior settlement, struck from the judgment a restraining order preventing the company from cancelling the policy after the settlement, which provision had been upheld by the Appellate Division.

It follows, therefore, that judgment should be in favor of the defendant dismissing the complaint, but without costs.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously directed in favor of the defendant dismissing the complaint, without costs. Settle order on notice.