FANNIE GOLDFARB et al., Appellants, v. HAROLD E. WRIGHT, Respondent.

First Department, April 9, 1943.

*Peter J. Haberkorn* for appellants.

*Irving L. Rollins* for respondent.

GLENNON, J. The complaint herein upon defendant's motion was dismissed for insufficiency under rule 106 of the Rules of Civil Practice. The basis of the court's decision at Special Term, according to defendant's brief, was

" 1. That the plaintiffs, prior to the institution of such action failed to restore to the defendant the sum of $4,500 paid by him to them as the consideration for the agreement and general release sought to be rescinded.

" 2. That the plaintiffs, prior to the institution of this action or in the complaint, failed to tender to the defendant the said sum of $4,500 received by them from the defendant unqualifiedly and unconditionally.

" 3. That the plaintiffs, prior to the institution of this action, failed to place the defendant in statu quo and that it was without the power of the plaintiffs at this late date so to do."

It is asserted by defendant that the court's determination is supported by the weight of authority. With that statement we cannot agree.

A summary of the allegations contained in the complaint is as follows: On May 21, 1928, plaintiffs duly recovered judgments against the defendant totaling $18,774.70 which were docketed in the office of the clerk of the county of New York. Transcripts of said judgments were thereafter docketed in Kings and Niagara Counties. On or about June 4, 1928, an execution against the property of the defendant was issued out of Kings County wherein defendant maintained his residence, which execution was returned wholly unsatisfied. Later a similar execution was issued out of Niagara County wherein the defendant had resided, which execution was likewise returned unsatisfied. On or about April 29, 1931, a body execution against the defendant issued out of the Supreme Court, county of Kings, directed to the sheriff thereof, " to arrest and keep incarcerated the body of this defendant until defendant shall have paid the judgments of the plaintiffs or until he shall have been discharged according to law." Thereafter the defendant was arrested and confined in the Raymond Street Jail. On May 16, 1931, defendant falsely and fraudulently verified and swore to a voluntary petition which was " caused to be filed by the defendant Harold Everet Wright in the United States District

Court for the Eastern District of New York, whereby the said defendant on said date was adjudicated a bankrupt, predicated upon the said petition of the defendant wherein he asserted he was without funds, property or means of paying his lawful obligations aggregating the sum of Nineteen Thousand, Four Hundred and Seven and 70/100 ($19,407.70) Dollars, wherein the plaintiff Fannie Goldfarb was listed and scheduled as a creditor by this defendant upon her judgment in the sum of $15,137.35 and wherein the plaintiff Max Goldfarb was listed and scheduled as a creditor by this defendant upon his judgment in the sum of $3,637.35.'' By virtue of a writ of habeas corpus, issued out of the United States District Court for the Eastern District of New York, defendant was released from imprisonment. By order of the same court the writ was sustained.

The complaint thereafter sets forth that defendant falsely and fraudulently concealed an asset of the value of $84,714 by concealing the purchase for said sum of 1,000 shares of the capital stock of Cataract Brewing Company, Inc., which stock was falsely and fraudulently listed in the bankruptcy schedules as having no value. The defendant concealed the value of these shares when testifying before the referee in bankruptcy. In addition the defendant concealed that he was awaiting repayment of the purchase price of said stock from certain named persons and that he intended to institute an action to recover said purchase price. In the bankruptcy proceeding the defendant falsely and fraudulently represented that his only asset consisted of the cash surrender value in the amount of $1,500 of certain life insurance policies, of which defendant's wife was the beneficiary, and which were claimed to be exempt under section 55-a (now § 166), of the New York Insurance Law. The defendant falsely represented that he was financially worthless but would pay to plaintiffs, as full satisfaction for their judgments, the total sum of $4,500, which sum would be raised by surrendering the aforesaid insurance policies for cash and borrowing the balance. By reason of the warranties and statements made by defendant, plaintiffs were induced to accept this sum of $4,500, and did on October 21, 1931, accept the $4,500 and plaintiffs did release defendant of and from said judgments. The plaintiffs had no knowledge of the truth or falsity of the representations made by defendant, but in reliance thereon consented to the dismissal of the defendant's petition in bankruptcy.

The complaint then alleges that these statements and representations made by defendant were false and fraudulent. Had the plaintiffs known of the falsity, they would not have accepted

or agreed to accept the sum of $4,500 in full settlement of their respective judgments. Paragraph nineteenth of the complaint reads as follows: " That the defendant herein is entitled to a credit upon the plaintiffs' judgments of the aforesaid payment of $4,500, so that the unpaid balance upon said judgments of the plaintiffs, is the sum of $14, 274.70."

The complaint further alleges that subsequent to their settlement of the judgments, the defendant instituted an action in the Supreme Court, Kings County, against the persons previously referred to. After a trial, defendant recovered a judgment in the sum of $84,714, which with interest totaled the grand sum of $130,152.92. Later the defendant received the sum of $50,000 in cash in settlement of that judgment. Lastly, it is alleged: " That the defendant herein, in an endeavor to render himself judgment proof and place his assets beyond reach of these plaintiffs, did secretly and fraudulently transfer and convey, without consideration, divers assets and property owned by this defendant, to his wife, one Mildred Wright."

As we have seen, the dismissal of the complaint was predicated upon the plaintiffs' failure to restore to the defendant the sum of $4,500 received by plaintiffs in settlement. The amount which plaintiffs received in settlement belonged to them in any event. Therefore, its tender back as a preliminary to the institution of this action was not required. Thus in *Kley* v. *Healy* (127 N. Y. 555, 562) Judge VANN said in part: " If her action failed, she was entitled to the sum received by virtue of the transaction itself. If she succeeded, the sum was less than she was concededly entitled to by the original judgment. In any event, therefore, she had only that which, without dispute, belonged to her, and a restoration, or the offer thereof, was unnecessary prior to the commencement of the action, for such conditions as might be essential to the protection of the defendant could be inserted in the judgment ultimately rendered."

The opinion of Judge EARL in *Gould* v. *Cayuga County National Bank* (86 N. Y. 75, 81) is applicable to the situation outlined in the present complaint. There he said in part: " If there had been no dispute as to the amount due the plaintiff, if the sole defense of the defendants had been the compromise, and if at least the $25,000 was indisputably due the plaintiff, then it would have been unnecessary for the plaintiff to tender or return to the bank the money paid, because in any view of the case so much would have been due the plaintiff; by virtue of the compromise, if that was upheld, and if that was

vacated, then in consequence of the original liability. It was in principle so held in *Pierce* v. *Wood* (3 Foster [N. H.], 519). It was there decided that if a person effect a compromise of his debts by fraudulent representations and procure a discharge of the same by paying a per cent thereon, and an action be brought to recover the balance, on the ground of fraud, it is not necessary, as preliminary to the right of recovery, that the plaintiff repay or offer to repay the per cent received, and that the doctrine of the rescission of contracts does not apply to such a case. In that case, unlike this, the plaintiff was entitled to the per cent paid him, whether he succeeded in the action or not. Here, if the defendants established that the bonds had been returned, the plaintiff would not be entitled to retain the $25,000.''

The complaint here contains allegations which are strikingly similar to those which are outlined in *Deutsch* v. *Roy*, which was twice before this court. There the plaintiff in his prayer for relief asked in part: '' That the defendants, Flores B. Roy and Benjamin Roy be allowed a credit against said judgment of $38,230.21 referred to in the complaint to the extent of $5,000.00 and that the said judgment remain in full force and effect as to balance, to wit, the sum of $33,230.21 with interest from the date of entry thereof.'' The case came on for trial at Special Term, Bronx County. At the conclusion of the plaintiff's case, the complaint was dismissed. On the appeal to this court (232 App. Div. 543) while the point does not seem to have been made that the offer to credit the amount on the judgment sought was sufficient, still the record shows that the appellant briefed the point and since the respondents did not dispute the principle of law involved, naturally it was not referred to in the opinion written by Mr. Justice, now Presiding Justice MARTIN. The judgment was reversed and a new trial ordered. Upon the retrial of the case, after witnesses were called on behalf of both the plaintiff and the defendants, the court at Special Term dismissed the complaint and rendered judgment in favor of the defendants. Apparently some point must have been made of the failure to tender back the amount received since in dismissing the complaint and awarding judgment in favor of the defendants, the justice presiding at the trial said in part: '' * * * Disregarding the fact that the plaintiff has neither repaid nor offered to repay the sum of $5,000, received by him and his attorneys, I have reached the conclusion upon the evidence before me that the execution

and delivery of the assignment of judgment were not due to any fraud practiced upon the plaintiff or his attorneys by any one of the defendants."

Upon the second appeal (239 App. Div. 714) Mr. Justice MARTIN again wrote the opinion of this court. There the judgment was reversed as to those defendants against whom relief was sought, and judgment was directed in favor of the plaintiff. That disposition of the issues was thereafter affirmed by the Court of Appeals (269 N. Y. 508).

Assuming, as we must, that the allegations which are contained in the pleading here under attack are correct, then facts sufficient to constitute a cause of action for equitable relief are set forth.

The judgment and order should be reversed with costs and the motion denied, with leave to the defendant to answer within ten days after service of order, on payment of said costs.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Judgment and order unanimously reversed with costs and the motion denied, with leave to the defendant to answer within ten days after service of order, on payment of said costs.